ALBERT GRANOWITZ, PETITIONER-RESPONDENT, v. HAY FOUNDRY AND IRON WORKS, RESPONDENT-PROSECUTOR.

Submitted May 15, 1931—Decided November 16, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the prosecutor, *Heine & Laird* (*John A. Laird,* of counsel).

For the respondent, *Samuel Greenstone.*

PER CURIAM.

The prosecutor seeks by writ of *certiorari* to review a judgment of the Essex County Court of Common Pleas affirming an award by the workmen's compensation bureau rendered in a proceeding wherein Albert Granowitz, an employe of the prosecutor, was the petitioner, and the present prosecutor was the respondent. For convenience Hay Foundry & Iron Works will be referred to as the employer and Albert Granowitz as the employe. The workmen's compensation bureau determined that the employe "met with an accident arising

out of and in the course of his employment * * * while attempting to lift a heavy casting, causing a severe strain of his back and aggravating an old Potts' disease of his spine so as to disable him from work." The empolyer appealed from the judgment rendered thereon to the Essex County Court of Common Pleas where the findings and judgment of the workmen's compensation bureau were affirmed and judgment entered for the employe. The Essex County Court of Common Pleas again reviewed the matter on an application of the employer to reopen the judgment and denied that application.

The employer in prosecuting its writ of *certiorari* first charges that the employe has failed to prove by a fair preponderance of the evidence that his condition is the result of an accident and further has failed to eliminate from the case the idea that his disability is the result of matters with which the employer is not connected. There is, we think, sufficient evidence to sustain a finding that the employe, on August 29th, 1924, in the course of his duties assisted in lifting a heavy iron casting and in so doing strained his back in such fashion as to cause a recrudescence of tuberculosis of the spine. It is not denied that if this be the fact, liability may be properly grounded thereon. The employe had been engaged by the employer for twenty-two years up to the time of the alleged accident, and thereafter he was completely disabled. Not once but, counting the reconsideration by the Common Pleas Court, thrice a fact finding body has determined that there was an accident and that the man's disability is due to that accident. When two independent and distinct tribunals have examined the facts and heard the testimony, a conclusion thus reached should not be lightly disturbed by this court. *Mountain Ice Co.* v. *Durkin,* 6 *N. J. Mis. R.* 1111; *affirmed,* 105 *N. J. L.* 636.

The next point is that there is no proof in the case supporting the allegations of the .petition that the injury consisted of a fractured spine. It is true that the petition re-cited a fractured spine as the injury and that the testimony

does not sustain that claim; but it is also true that the hearing was conducted in full knowledge of, and upon the hypothesis that, the employe claimed that the injury consisted of an opening up of and an aggravation of a pre-existing diseased condition. The determination reached by the workmen's compensation bureau was upon the issue that was tried between the parties. The reviewing court under such circumstances has power to amend the pleadings to support the judgment, and we shall exercise that power. *Klie* v. *Hollstein,* 98 *N. J. L.* 473.

It is next alleged that the employer had neither notice nor actual knowledge of the occurrence of any injury. There is evidence that the employer's foreman went to the employe's house forthwith after the accident and either went to, or had knowledge that the employe was at the hospital, and that the employer sent to the employe Dr. Ill, who performed an operation. Indeed, the employer in its answer filed with the workmen's compensation bureau admitted that on the date of the alleged accident the employe had made complaint thereof, though this admission was subsequently amended out. Nevertheless, the employer did not produce either the foreman or any other witness to deny knowledge of the accident. We think that the employer had such knowledge as is within the requirement of our cases. *Allen* v. *Millville,* 87 *N. J. L.* 356; *affirmed,* 88 *Id.* 693.

The final contention is that the employe has not proven by a fair preponderance of the proof that there was an accident. This is answered by our conclusions as to the first point.

The judgment is affirmed, with costs.