TONY ADDOTTA, RELATOR, v. CHARLES R. BLUNT, COMMISSIONER OF LABOR, AND ALBERT C. MIDDLETON, STATE TREASURER, DEFENDANTS.

Submitted May 12, 1934—Decided December 27, 1934.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the relator, *Emil Neblo.*

For the defendants, *David T. Wilentz,* attorney-general, and *Stephen J. Lorenz,* assistant attorney-general.

The opinion of the court was delivered by

HEHER, J. The single question presented here involves the construction of chapter 81 of the laws of 1923. *Pamph. L.* 1923, *p.* 162. This statute has a two-fold object, viz.: (1) to create a fund for the compensation of employes who, under the prescribed conditions, suffer total disability as the result of an accident which arose out of and in the course of the employment; and (2) to provide financial means for the functioning of the commission for the rehabilitation of physically handicapped persons, created by chapter 74 of the laws of 1919. *Pamph. L.* 1919, *p.* 138.

The inquiry is directed to the scope and extent of the compensation provision. Relator claims to be one of the class entitled to share in the compensation fund created by the statute. The facts are not in dispute. Relator suffered personal injuries by an accident which arose out of and in the course of his employment. A total and permanent disability ensued. The referee found that sixty-six and two-thirds per cent. of the disability is attributable to the injuries sustained as the result of the accident and that the remainder "existed in whole or part prior to the said accident and is the result of a disease or illness or physical condition in no way related to the said accident." The insistence of relator is that the act was designed to afford relief to an employe "partially disabled by *accident* or *disease unrelated to employment,*" who had "become totally disabled by reason of an accident in the course of employment."

We are unable to subscribe to the view that relator is within the statutory class. The object of the statute, as declared in the title, was to provide, from contributions made by companies and associations writing workmen's compen-

sation or employers' liability insurance, and self-insurers in the same field, "funds from which to *complete* compensation payments to persons totally disabled as the result of *two separate accidents,* and to assist in carrying out the purposes of" the act creating the rehabilitation commission. Section 1 provides that, "in order to carry out the purposes set forth in the title of this act," each of such insurers shall annually, at a designated time, "pay to the commissioner of labor a sum equal to one per centum of the total compensation paid out by such" insurer during the preceding calendar year, which the commissioner shall, in turn, pay over to the state treasurer. Section 2 declares the primary design of the statute. It is to create a fund "from which compensation payments in accordance with the provisions of paragraph 11 (b) of the Workmen's Compensation act (chapter 93 of the laws of 1919, as amended by chapter 135 of the laws of 1928), shall be made to persons totally disabled, as a result of experiencing a permanent injury under conditions entitling such person to compensation therefor, when such person had previously been permanently and partially disabled from some other cause;" and that "in such cases the compensation payable from said fund shall cover that portion of the period for which compensation is payable in ordinary cases of total disability arising under this act, not covered by compensation due for the two disabilities separately, as set forth above." It is then provided that such sum as may remain after this purpose has been served shall be credited to the account of the rehabilitation commission.

The phrase, in section 2, "partially disabled from some *other cause,*" is necessarily qualified by the design expressed in the title. The evident legislative concept was an *accidental* cause. In view of the provision of paragraph 4 of section 7 of article 4 of the state constitution, that "every law shall embrace but one object, and that shall be expressed in the title," the title is a part of the act, and is of necessity to be regarded in construing it. The title forms a limitation upon the enacting clauses, and any construction of the latter that would give them a scope beyond the object expressed in the

title is for this reason to be rejected. *Jordan* v. *Moore,* 82 *N. J. L.* 552. Any ambiguity as to the meaning of the enacting clauses may be resolved by resorting to the title. *Pancoast* v. *Director-General of Railroads,* 95 *N. J. L.* 428; *Dunn* v. *City of Hoboken,* 85 *Id.* 79. And the prefatory statement, in section 1, that the fund shall be constituted "to carry out the purposes set forth in the title" of the act, is likewise to be considered. It serves to give a definite and qualified meaning to the indefinite and general phrase in question. Applying this apposite rule of construction, we are led irresistibly to the conclusion that employes "totally disabled as the result of two separate accidents," and those only, are within the statutory class.

And any doubt in the premises is dispelled by the subsequent provision of section 2 that "compensation payable" from the fund shall cover that "portion of the period for which compensation is payable in ordinary cases of total disability arising under this act, not covered by *compensation due for the two disabilities separately, as above set forth.*" It provides, in the absence of any other, the key to open the understanding of the statute. It would seem, from this clause, that the disability consequent upon the prior accident must have been compensable under the Workmen's Compensation act. The phrase *"compensation due* for the two disabilities separately," necessarily connotes that the disabilities are compensable. In other words, the seeming legislative purpose was to grant to the employe who is totally disabled by reason of the combined disabilities of two unrelated accidents, each producing disability compensable under the Workmen's Compensation act, the compensation for total disability prescribed by the act, without imposing upon the employer a greater burden than that ordained by the statute for the disability proximately resulting from the last accident. The object was to grant the full compensation prescribed by the statute for total disability, where the sum of the payments for the disabilities resulting from two accidents, viewed separately, would not equal that amount. For instance, under the statute, the loss of both hands, in the

one accident, is the equivalent of total and permanent disability, and compensated accordingly, while the loss of both hands as the result of two separate and distinct accidents is not so regarded. But this question is not presented, and therefore need not be pursued. The original disability suffered by relator was concededly non-accidental in origin, and he is therefore not entitled to relief.

Rule discharged, but without costs.