STEFANO ALDI, RELATOR, v. JOHN J. TOOHEY, Jr., COMMISSIONER OF LABOR OF THE STATE OF NEW JERSEY, AND WILLIAM H. ALBRIGHT, TREASURER OF THE STATE OF NEW JERSEY, RESPONDENTS.

Argued January 22, 1936—Decided February 14, 1936.

Before Justices CASE and BODINE.

For the relator, *Henry Harris.*

For the respondents, *William J. Egan.*

PER CURIAM.

Relator seeks a writ of *mandamus* to compel the commissioner of labor to restore to him the compensation paid him prior to the determination in this court of the case of *Addotta* v. *Blunt,* 114 *N. J. L.* 85; 176 *Atl. Rep.* 105. That case construed chapter 81 of the Pamphlet Laws of 1923, *Cum. Supp. Comp. Stat.; p.* 3904, § **236-92 *et seq.,* as follows: "The phrase 'compensation due for the two disabilities separately,' necessarily connotes that the disabilities are compensable. In other words, the seeming legislative purpose was to grant to the employe who is totally disabled by reason of the combined disabilities of two unrelated accidents, each producing disability compensable under the Workmen's Compensation act, the compensation for total disability prescribed by the act, without imposing upon the employer a greater burden than that ordained by the statute for the disability proximately resulting from the last accident."

In view of that decision, we can only conclude that the determination of the commissioner was proper. Relator's case may not be distinguished from the facts in that case simply because both accidents from which he suffered occurred in industry. The first accident was not compensable because the Workmen's Compensation act had not then been enacted. Hence, he was entitled to nothing under the act of 1923.

A prior improper determination of a question by a public official gives rise to no rights by estoppel or otherwise.

The application will be denied.