WILLIAM F. CHAMBERS, RELATOR, v. JOHN J. TOOHEY, JR., COMMISSIONER OF LABOR OF THE STATE OF NEW JERSEY, RESPONDENT.

Decided September 28, 1936.

Before Justice PERSKIE, in chambers, pursuant to statute.

For the relator, *John C. Grimshaw* (*Samuel W. Harris,* of counsel).

For the respondent, *William J. Egan,* assistant attorney-general.

PERSKIE, J. Is the relator, an employe, entitled to participate in the fund (one per cent.) created by virtue of chapter 74, *Pamph. L.* 1919, *p.* 138; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 352, § 34-317, amended by chapter 81, *Pamph. L.*

1923, *p.* 162; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3904, § **236-92, and chapter 55, *Pamph. L.* 1936, *p.* 145; *N. J. Stat. Annual* 1936, § **236-92 (1) ?

The facts are stipulated. On October 3d, 1929, relator was employed by one August Soffel, at Colt's Neck, New Jersey, and lost the sight of his right eye; it was a compensable accident. Some fifteen or eighteen years prior thereto relator lost the sight of his left eye; it was not a compensable accident. The result of the two accidents rendered relator totally and permanently physically disabled.

Compensation from the one per cent. fund was paid relator from September 3d, 1931, to February 15th, 1935, at which time he was removed from the list of those receiving benefits. His removal appears to have followed the decision of the Supreme Court case of *Addotta* v. *Blunt,* 114 *N. J. L.* 85; 176 *Atl. Rep.* 105, in which it was held that (under the title of the act of 1923, *supra*), a prior non-compensable accident followed by a compensable accident did not entitle relator to compensation from the fund in question; both accidents had to be compensable.

Thereafter the legislature amended the act of 1923, *supra,* by the passage of the act of 1936, *supra.* By virtue of the last stated act relator was again placed on the list of those entitled to benefits, and payments to him started on May 14th, 1936. Respondent has refused to make any payments covering the period beginning February 15th, 1935—the date relator was removed from the list—to May 14th, 1936—the date relator was again placed on the list.

This application is to enforce such payment. Respondent resists payment on the ground that the act of 1936, *supra,* has no retroactive application. I think that respondent's claim is without merit.

The apposite rules of construction in determining whether a statute is to be given retroactive effect are well established. Courts, of course, try to effectuate the purpose of the legislature. *State* v. *Clark,* 29 *N. J. L.* 96. The previous state of the law, the circumstances leading to the enactment of the challenged act, the evils the act is designed to remedy are

factors to be considered. *McGregor* v. *Home Insurance Company of Newark*, 33 *N. J. Eq.* 181. The legislative intent is the guiding star. *Clarkson* v. *Ley*, 106 *N. J. L.* 380; 148 *Atl. Rep.* 745. Bearing these principles in mind plus the added one that in general all legislation affecting workmen's compensation should be, and is, liberally construed in favor of the employe (*Jersey City* v. *Borst*, 90 *N. J. L.* 454; 101 *Atl. Rep.* 1033; *Schmid* v. *Stanton Forging Co.*, 104 *N. J. L.* 471; 142 *Atl. Rep.* 4), it appears clear to me that when the legislature obviated the difficulties pronounced by the Supreme Court in *Addatto* v. *Blunt, supra*, the intent of the legislature is effectively carried out by declaring this act to be retroactive. But what is my basis for such a declaration? I am not unmindful of the cases which hold that "the general principle of statutory construction is averse to giving laws a retroactive effect and the consequence *is* such force is never ascribed to any act unless an intention to that end is to be found *either in its language or object.*" *Wittes* v. *Repko*, 107 *N. J. Eq.* 132, 134, and cases therein collated. 147 *Atl. Rep.* 498. But in the case at bar the statute itself, in unmistakable language supplies the answer. It provides, *inter alia*, that:

"* * * This act shall be retroactive as touching any accident occurring since the amending of chapter ninety-five, laws of one thousand nine hundred and eleven, by amendment of clause eleven (v), by chapter ninety-three, laws of one thousand nine hundred and nineteen, approved April eleventh, one thousand nine hundred and nineteen, in so far as paying of compensation for total disabilities of this class is concerned." *Pamph. L.* 1936, *ch.* 55, ¶ 2; *N. J. Stat. Annual* 1936, § **236-93(2). That legislative mandate must be respected and obeyed. A peremptory writ shall forthwith issue, but without costs.