JACOB WITTEL, RELATOR, v. JOHN J. TOOHEY, Jr., COMMISSIONER OF LABOR, RESPONDENT.

Submitted February 13, 1937—Decided February 26, 1937.

Before Justice PARKER, at chambers.

For the relator, *Samuel W. Harris.*

For the respondent, *William J. Egan,* assistant attorney-general.

PARKER, J.    The case arises under *Pamph. L.* 1923, *ch.* 81, *p.* 162, as amended both in title and body by chapter 55 of *Pamph. L.* 1936 (*p.* 145).    The theory of both acts I take to be this, viz., to provide for cases of total and permanent disability due in part but not wholly to a compensable accident, by supplementing the payments under the Compensation act for partial disability out of a one per cent. fund established by the act itself.    The act of 1923 in its body was broad enough to cover prior partial and permanent disability from any other cause, compensable or otherwise, but the title was narrower, and covered only a prior "accident."    Consequently it was held in the Supreme Court not to apply to a case where the prior partial disability was not the result of an accident.    *Addotta* v. *Blunt, Commissioner,* 114 *N. J. L.* 85.    After this decision, and no doubt in view of it, followed the amendment of 1936 which enlarged the title to include cases of previous partial and permanent disability "from some

other cause." This amending act, like its predecessor, is declared to be retroactive, and there is a dispute as to how far it is retroactive.

The facts herein are stipulated. Relator, prior to December 30th, 1930, was permanently and partially disabled by or as a result of arthritis. On that date he sustained a compensable accident which, with the prior partial disability, resulted in total disability; and in a compensation proceeding had an award based on partial disability due to the accident, payments under which ran out about April 12th, 1935. Though the award recited that he was entitled thereafter to the benefits of the act of 1923, no payments thereunder were made by the commissioner, doubtless because of the Addotta case, *supra*.

The amendment of 1936 was approved on April 13th; and on April 27th there was a new application to the commissioner based thereon. He allowed the claim as of May 11th and thereafter, but has declined to make any payment for the period from April 12th, 1935, to May 11th, 1936, on the ground that the retroactive clause in the statute applies only to the designation of persons eligible for admission to the fund and not to the period between the due date of last payment by employer and the taking effect of the act of 1936. Relator asks *mandamus* to compel payment covering the thirteen months.

I can see no material difference between the facts in this case and those in *Chambers* v. *Toohey, Commissioner,* 14 *N. J. Mis. R.* 780, apparently not challenged by the respondent herein. I conclude, therefore, that a writ of *mandamus* should go. The facts are all stipulated, and the writ should be a peremptory one. But if respondent, a state agency, concludes that a review of the present decision is desired, I will hear counsel on an application (on notice of course) to mould a record. If there is an appeal pending in the *Chambers* case, however, a review in the present case will probably be unnecessary.