CHARLES WALKER, RELATOR, v. WILLIAM H. ALBRIGHT, STATE TREASURER, AND JOHN J. TOOHEY, COMMISSIONER OF LABOR, RESPONDENTS.

Submitted October 15, 1937—Decided January 13, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the relator, *Emil Neblo* (*Haines & Chanalis,* of counsel).

For the respondent Toohey, commissioner, *David T. Wilentz,* attorney-general, and *William J. Egan,* assistant attorney-general.

The opinion of the court was delivered by

PARKER, J. This is an application for *mandamus* based on the Workmen's Compensation act and supplements, and the several statutes bearing on the subject of the so-called "one per cent. fund." *Pamph. L.* 1919, *p.* 138; *Pamph. L.* 1923, *p.* 162; *Pamph. L.* 1936, *p.* 145. The stipulated facts

are that relator while an employe in 1930 sustained an accidental injury arising out of and in the course of his employment, filed his petition for compensation, and after trial before a deputy commissioner had an award of total disability, payments to run over two hundred weeks. It was further determined by the award, however, that sixty per cent. of the disability was due to a pre-existing arthritis, and only forty per cent. to the accident; and the amount of weekly payment was adjusted to correspond to the forty per cent. The award was in 1933, at which time the act of 1923, *supra,* was in force; and under that act relator had no claim on the one per cent. fund for the sixty per cent., as it was held not to apply to disability of other than accidental origin. *Addotta* v. *Blunt,* 114 *N. J. L.* 85. But in 1936 (chapter 55, page 145, *supra*) the act of 1923 was amended, and retroactively, to cover cases of total disability due in part to causes other than accidental. *Chambers* v. *Toohey,* 14 *N. J. Mis. R.* 780; 187 *Atl. Rep.* 49; *Wittel* v. *Toohey,* 117 *N. J. L.* 572; 190 *Atl. Rep.* 313. In the last case the total disability was due, as in this, partly to arthritis.

The present relator filed a petition with the commissioner of labor, setting up the award and praying for the sixty per cent. payments out of the "one per cent. fund." This was refused on two grounds: first (as stated in the brief for relator and admitted in that for the commissioner) because the commissioner of labor had not been made a party to the compensation proceeding, and consequently, as claimed, it is not binding on him; and secondly (as stated in the brief for the commissioner of labor) he himself had made, or caused to be made, an examination of relator, and as a result of this had determined that the disability was not total. Whether relator was represented by counsel thereat does not appear.

As to the first ground: it seems sufficient to say that so far as the commissioner of labor can be a "party" to a workmen's compensation proceeding, he is such a "party" *ex officio* in every such proceeding. By statute he is the chairman of the bureau. *Pamph. L.* 1918, *p.* 429. The petition of the injured employe is filed with the bureau, section 5,

and by section 3, page 430, "the commissioner of labor, the deputy commissioners, and the referees appointed under this act" (by the commissioner, section 1), "either sitting individually or together, shall have exclusive original jurisdiction of all claims for compensation arising under" the workmen's compensation legislation. The act erects a statutory court, which may hear cases *in banc,* or by individual judges. The judgment pronounced by one of those judges within his jurisdiction is the judgment of the bureau, of which the commissioner is titular chairman. It should be obvious that he cannot be a party litigant. We think it is obvious that he is judicially one member of a court of several judges, each of whom has the same powers of trial and adjudication, which last, when made, is binding on all the others. We know of no statute or decision (and none is cited) requiring or contemplating participation by the commissioner of labor *qua* custodian of the one per cent. fund, or in any other of the various functions imposed on him by statute, in cases where total disability is claimed. Indeed, at the time of the award in 1933 the act of 1936 was still in the future, and there was no recourse to the one per cent. fund for disability not caused by another accident, as we have seen. Such recourse was set up by the legislature in 1936 and the statute was expressly retroactive. We realize, as pointed out in the brief, that "the statutory office of the commissioner of labor embraces various functions and duties and is not limited to the provisions of the Employer's Liability act." But this does not countervail the proposition above, that the commissioner is a member of the bureau and *ex officio* chargeable, as we think, with knowledge of the proceedings therein. Not only this, but in the present case, the adjudication of total disability was made in 1933, some three years before partial disability due to disease was cognizable as an element of the one hundred per cent. referred to in the statute. Hence it was not the bureau, but the legislature, which in 1936 established relator's status to participate in the one per cent. fund.

Point 2 is that the commissioner of labor is charged by other statutes with other duties, which is true enough, but does not affect the present question.

Point 3 is that the acts of 1923 and 1936, under which relator claims, are not part of the Workmen's Compensation act. This may be freely conceded; as also that those acts (1923 and 1936) confer no contractual status and are revocable at the will of the legislature. Assuming all this, we fail to see its relevancy to the case. If relator is within the purview of the acts he has a legal right to participation which this court should and will enforce so long as that condition persists and the legislation remains as it is. What has been said seems to meet point 4, the substance of which is that the right in the fund was not at issue when the adjudication of total disability was made. We think it also answers point 5, that the award is not *res adjudicata* of the rights of relator as against respondent. The award is *res adjudicata* of the fact of total disability when it was made; and that condition must be presumed to continue in the absence of evidence to the contrary. *Wigm. Ev.*, § 2530; in analogy, we think, to the rule in cases of insanity, 32 *C. J.* 646, 647. The Workmen's Compensation act impliedly, if not expressly, recognizes this presumption in its provision that "a formal award [may be] * * * reviewed at any time on the ground that the disability has diminished. In such case the provisions of paragraph 17 with reference to medical examination shall apply." *Pamph. L.* 1931, *p.* 704, ¶ 21 f. *p.* 705. This provides a statutory method of verifying or disproving the existence of total disability at any time whatever; and if it be assumed, without deciding, that a claim fastened on the one per cent. fund under the act of 1936 may be nullified later by an adjudication that the totality has ceased, the statute points the way. The statement in respondents' brief that he has himself made an examination of the relator and concluded that the disability at that time was not total, fails to indicate any procedure under the statute, and hence nothing cognizable as a defense to this application. We conclude that a writ of *mandamus* should go; and consider that the case as now before us calls for a peremptory writ. Such will be the order.