WILLIAM VOESSLER, PETITIONER-DEFENDANT, v. PALM FETCHTELER & COMPANY, RESPONDENT-DEFENDANT, AND JOHN J. TOOHEY, Jr., STATE COMMISSIONER OF LABOR, PROSECUTOR OF THE WRIT.

Submitted May 3, 1938—Decided August 11, 1938.

Before Justices CASE, DONGES and PORTER.

For the petitioner-defendant, *Henry Harris*.

For the respondent-defendant, *Edwin Joseph O'Brien.*

For the prosecutor of the writ, *Stephen J. Lorenz* and *William J. Egan.*

The opinion of the court was delivered by

CASE, J.  The writ brings up a judgment of the Common Pleas Court of the county of Hudson finding that Voessler, an employe of Palm Fetchteler & Company, is totally and permanently disabled, that that condition was caused in part by an injury received in 1926 while in the employ of that company and in part by a congenital bone defect in the skull and an accident which occurred in 1923; that Voessler was entitled to ninety per cent. partial total disability by reason of the 1926 accident and that payments prorated according to that percentage should be paid by the employer; and that Voessler was disabled to the extent of ten per cent. total permanent disability by reason of his pre-existing conditions, is entitled to the benefits provided by chapter 81, *Pamph. L.* 1923, as amended by chapter 55, *Pamph. L.* 1936, and should be placed on the one per cent. fund created by those statutes and receive the compensation benefits provided therein for persons totally and permanently disabled as a result of the combined effects of a compensable accident and a pre-existing disability.

The writ was issued at the instance of the commissioner of labor because of his relationship to the so-called one per cent. fund set up by chapter 74, *Pamph. L.* 1919, as amended by the above mentioned statutes.  The commissioner is not a necessary party to such a proceeding.  *Walker* v. *Albright,* 119 *N. J. L.* 285.  Whether he is a proper party or not need not be determined for the reason that he came into this case as a party respondent at the hearing of the appeal in the Pleas, on an order made at his request, with the consent of the employer and the employe.

Prosecutor makes the points that the fund is the property of the state because the method by which it is raised is a burden upon all industry, and further, that no person should

be deemed to acquire or to have acquired any rights, vested or otherwise, under the provisions of the act. These points may be accepted without reaching the merits of the discussion. We may, however, repeat what was said in *Walker* v. *Albright, supra,* that if a workman is within the purview of the act he has a legal right to participation which the court should and will enforce so long as that condition persists and the legislation remains as it is.

Prosecutor further contends that the workman has not proved by a preponderance of the evidence that he suffered a pre-existing disability as a result of the first accident of 1923—a disability within the meaning of the Compensation act. We have no difficulty in deciding that the proof is ample to sustain a finding that Voessler had a congenital bone defect of his skull and that he suffered an accident in 1923—before he was in the employ of Palm Fetchtcler & Company— whereby, perhaps because of a greater susceptibility due to the congenital bone defect, he was injured by the falling of a dumb waiter wherefrom he suffered partial permanent disability. The evidence will not, in our opinion, sustain a finding that the 1923 accident arose out of or in the course of an employment. Thereupon the question seems to be presented whether the one per cent. fund is available for allocation to those workmen who suffer permanent total disability due in part to an accident compensable under the Workmen's Compensation act and in part to an earlier accident not compensable under that statute. But that question has already been answered. *Addotta* v. *Blunt,* 114 *N. J. L.* 85, decided in December of 1934 and construing the 1923 statute, determined that there must be two compensable accidents and that when an employe has previously suffered a permanent partial disability non-accidental in origin and is wholly disabled by a subsequent accident he is not entitled to relief under the statute. But thereafter the legislature passed the 1936 statute, *supra,* which, as the Court of Errors and Appeals held in *Richardson* v. *Essex National Trunk, &c., Co.,* 119 *Id.* 47, was retroactive and relieved the employe of the necessity of showing that the first disability was the result

of a compensable accident. See, also, *Chambers* v. *Toohey*, 14 *N. J. Mis. R.* 780, and *Wittel* v. *Toohey*, 117 *N. J. L.* 572. We conclude therefore that the prosecutor makes nothing by this point.

The next contention by the prosecutor is that the Common Pleas determination in reversing the finding of the bureau is not supported by the evidence and is therefore error. We have made our decision upon that *supra*.

Finally, it is said that chapter 81, *Pamph. L.* 1923, and chapter 55, *Pamph. L.* 1936, empower only the commissioner of labor to certify persons for the one per cent. fund benefits and that no other person in the original proceedings, and certainly not a Common Pleas Court on appeal from the Workmen's Compensation Bureau, has authority to make a finding. In the instant case the compensation bureau determined that the 1923 accident caused no disability but that all of the disability was caused or aggravated by the 1926 accident. The employer appealed to the Pleas with the result already stated. The one per cent. statute does provide that from the tax moneys raised under the act the commissioner of labor shall set aside each year a portion which is to be used for the purposes earlier named and that the payments to totally disabled employes shall be made from the fund by the state treasurer upon warrants of the commissioner of labor. But that, in our view, does not mean that the commissioner, apart from that department of his service which sits as a bureau to hear compensation cases, is given the authority to adjudicate the question whether or not a claim is to be chargeable to the fund or that the compensation bureau in passing upon the question shall not be subject to appeal. Neither the 1923 statute nor the 1936 statute prescribes the tribunals which shall apply the relief so provided or the procedure that shall be pursued. But the subject-matter is so integrated with that of the Workmen's Compensation act and the provisions are so complementary to the provisions of the last named statute and so dependent thereon for sympathetic and co-operative disposition that it seems rational that the tribunals to apply the one per cent. relief and the procedure by

which that is to be had should be the same as under the Workmen's Compensation law. Had the legislature intended otherwise we think that the scheme would have been plainly stated. When it is judicially determined what the rights of a claimant are under the provisions of the statute it will be, of course, for the commissioner to issue the proper warrant and for the treasurer to pay. But the determination is primarily by the Workmen's Compensation Bureau subject to appeal and other subsequent procedure as under the Workmen's Compensation act.

The judgment below is affirmed, without costs.