HELEN MOLNAR, PETITIONER-APPELLEE, v. AMERICAN SMELTING AND REFINING COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, RESPONDENT-APPELLANT.

Submitted October 31, 1941—Decided January 29, 1942.

For the respondent-appellant, *Francis M. Seaman.*

For the petitioner-appellee, *David I. Slepacoff.*

For Baker's Mutual Insurance Co., *Leo Yanoff, amicus curiæ.*

The opinion of the court was delivered by

BODINE, J. The facts in this case fully appear in the opinion of the Supreme Court. A wealth of competent proof supports its conclusion, so that its judgment could not be disturbed here. *Circillo* v. *United Engineers and Constructors, Inc.,* 121 *N. J. L.* 511.

The proofs do show that the workman employed by the appellant died of an injury to his heart caused by an accident arising out of and in the course of his employment. There was an extra heavy strain placed upon the man in the work he was doing shortly before he collapsed. It appears that the deceased workman was engaged in a night shift at the appellant's plant. He was required, among other duties, to push a heavy iron pot, weighing about 850 pounds, mounted on two wheels and containing skimmings from the metal being treated in the furnace from a place near the hearth to a point

where it could be dumped. While pushing the pot, one of the wheels stuck in a ditch or crack at a point where an iron floor nearly met a cement floor. The extrication of the wheel required the deceased to make an unusual effort, which resulted in damage to his heart from which he presently died.

The Supreme Court did not rely upon testimony to that effect because the credit thereof was challenged. We think the testimony supports such a finding, and that the exertion which caused the strain upon the heart was a necessary part of the proofs. The degree of exertion is of no consequence, so long as the performance of the required work caused a strain upon the heart.

The benefits of the act are not limited to those who suffer no previous physical impairment. Because the accident might not have resulted in so much injury to a stronger man is no reason to deny recovery. It has been deemed, in this state, to be beneficial to its citizens that those who suffer any injury by accident, arising out of and in the course of their employment, receive compensation therefor. Also that the dependents of such as lose their life in like manner have recovery. *Bernstein Furniture Co.* v. *Kelly,* 114 *N. J. L.* 500; affirmed in this court without a dissenting vote, 115 *Id.* 500. See, also, *Fire Commissioners, &c., Moorestown, New Jersey,* v. *Morris,* 12 *N. J. Mis. R.* 153; *Hentz* v. *Janssen Dairy Co.,* 122 *N. J. L.* 494, and *Ciocca* v. *National Sugar Refining Co.,* 124 *Id.* 329. A wealth of authorities in England, and elsewhere, are cited in and support those decisions. The legislature could, but has not, excluded recovery for an injury to a heart due to an accidental strain arising out of and in the course of the employment. The doctrine of *stare decisis* is a wholesome rule.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, PARKER, BODINE, DONGES, PERSKIE, PORTER, DEAR, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 11.

*For reversal*—COLIE, WELLS, JJ. 2.