ADAM MASSES, PETITIONER-DEFENDANT, v. CENTRAL FOUNDRY COMPANY, RESPONDENT-PROSECUTOR.

Argued October 5, 1943—Decided December 9, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and COLIE.

For the respondent-prosecutor, *John W. Taylor.*

For the petitioner-defendant, *William O. H. McEnroe* and *Walter X. Trumbull.*

The opinion of the court was delivered by

BODINE, J.   The defendant workman was injured as the result of an accident which occurred December 8th, 1939, and arose out of and in the course of his employment.   In the Bureau, he was awarded compensation as for total disability pursuant to *R. S.* 34:15–12.   The Court of Common Pleas affirmed the judgment.   The case is now before us on *certiorari.*

The workman in this case had been steadily employed for 23 years.   While pushing a freight car with a crowbar it seems to have fallen away and he fell striking his head, and the result was a permanent impairment of his ability to work.   Although 62 years old at the time of the accident and having

some physical impairment caused by the passage of time, a physician testified that but for the accident he could have gone on working until something else happened; that often following an accident dilapidation is rapid. Suffice it that the proofs show that his incapacity following the accident was permanent. Another physician attributes his disability as caused 50 per cent. by degenerative changes and 50 per cent. by the accident. Others placed the degenerative changes at a higher percentage.

The Bureau in determining the compensation for the result of an accident is not concerned with the employee's previous state of health. It determines the result of the accident as it affected the particular workman. The weak, as well as the strong, may be totally disabled by an accident.

The legislature has not said that when there is total disability the Bureau shall determine the proportion which may be due to pre-existing conditions of health and what may be due to the accident. Compensation is for the end result of the accident. The old workman stands on an equal footing with the young when an accident occurs, even though the result might have been less devastating but for age. *Newcomb* v. *Albertson*, 85 *N. J. L.* 435; *Lundy* v. *Brown*, 93 *Id.* 469; *Bernstein Furniture Co.* v. *Kelly*, 114 *Id.* 500; *affirmed*, 115 *Id.* 500; *Richardson* v. *Essex National Trunk Co.*, 119 *Id.* 47; *Azarowicz* v. *Metropolitan Beef Co.*, 118 *Id.* 89; *Bollinger* v. *Wagaraw Building Supply Co.*, 122 *Id.* 512; *Ciocca* v. *National Sugar Refining Co.*, 124 *Id.* 329; *Molnar* v. *American Smelting and Refining Co.*, 127 *Id.* 118; *affirmed*, 128 *Id.* 11.

The workman having shown by competent proof that he had been permanently incapacitated as a result of the accident, the Bureau would not have been justified in speculating as to how much of the incapacity may have been due to age and usual disintegration.

The judgment under review will be affirmed, and the writ will be dismissed, with costs.