[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 442 
The respondent, Mrs. Vandenberg, was an employee of the appellant and was the victim of an accident in the course of her employment. A heavy case, which she was taking down from a high shelf, slipped and struck her in the chest, causing a severe bruise. The blow and the shock of the accident aggravated a nervous or mental condition from which she was already suffering. In due course, she filed a petition for compensation and the matter was heard and judgment rendered by the Workmen's Compensation Bureau December 6, 1945. The judgment recited *Page 443 
a finding that the respondent (as we will call Mrs. Vandenberg throughout this opinion) was "suffering from a contusion of her right chest and breast and an aggravation of a pre-existing psycho-neurosis." Compensation was awarded to her for 100 weeks, based on a permanent disability of 20 per cent. Although judgment was entered with the consent of the parties, it was not a mere consent judgment; it was rendered after a hearing at which four medical experts were heard as well as the respondent herself. She had been admitted to the Hudson County Hospital for Mental Diseases June 16, 1945, and paroled two weeks later. On January 21, 1946, little more than a month after the judgment for compensation was entered, she was returned to the hospital and there she has remained ever since, an incurable insane patient. In January, 1947, through her sister as next friend, she petitioned for additional compensation. Judgment was delivered the following October, dismissing the petition. The Deputy Commissioner found that she had failed to establish that her insanity and her increased disability was the result of the accident. On appeal to the County Court, the determination of the Workmen's Compensation Bureau was reversed and judgment was entered for compensation for total permanent disability, namely, for 300 weeks, in addition to the 100 weeks theretofore allowed. The employer appeals.
The first reason for reversal urged is that the County Court erred in refusing to dismiss the appeal for respondent's failure to file the transcript of the record and testimony within time.R.S. 34:15-66. They should have been filed with the County Court by November 28, 1948, but they were not filed until January 2, 1949, a little over one month late. Considering the mental condition of Mrs. Vandenberg and the fact that she was confined at the time in the hospital, we think that the County Judge rightly exercised his discretion in the denial of the motion to dismiss. See Temple v. Storch Trucking Co., 3 N.J. 42 (1949).
Appellant's second point is based on the supposition that in the first proceeding, the Bureau adjudged that petitioner was then permanently disabled to the extent of 50 per *Page 444 
cent, of which half, or 25 per cent, was due to the accident and the other 25 per cent was a pre-existing disability, the effect of an old psycho-neurosis. The judgment is conclusive and hence, says appellant, only 75 per cent of the present total disability can be due to the accident. However, the 1945 judgment of the Bureau does not support the argument, for it contains no finding or adjudication that there was a pre-existing disability. True, it recites that one of the experts, Dr. Stockfisch, estimated a 50 per cent disability from all causes, 25 per cent pre-existing and 25 per cent due to the accident. But the Bureau did not follow his opinion; it found only that the accident resulted in an aggravation of a pre-existing psycho-neurosis, and produced a 20 per cent permanent disability. Judgment was rendered accordingly.
The appellant also argues that the evidence presented to the County Court on the trial de novo early this year, required a finding of a pre-existing 25 per cent disability. The proofs are indeed clear that at the time of, and prior to, the accident, the victim was suffering from a mental condition, variously characterized as a psycho-neurosis, psychosis, schizophrenia, paranoia and dementia praecox. And we may assume that this condition impaired her earning capacity. But where the accident is the proximate cause of the ensuing disability, the workman may recover compensation from the employer even though the disability would not have resulted or would not have been as great, if the workman had been whole and well, or if he was not already handicapped by some physical impairment. Molnar v. AmericanSmelting, etc., Co., 128 N.J.L. 11 (E. A. 1942). The numerous heart cases in our reports exemplify this rule. See alsoGranowitz v. Hay Foundry Iron Works, 9 N.J. Misc. 1165; affirmed, 109 N.J.L. 394 (1932), where the employee had tuberculosis of the spine; Matthews Const. Co. v. Ranallo,13 N.J. Misc. 878; affirmed, 117 N.J.L. 148 (1936), arthritis;City of Paterson v. Smith, 126 N.J.L. 571 (Sup. Ct. 1941), enlarged prostate gland; Cohen v. Kafer, 130 N.J.L. 146 147 (Sup. Ct. 1943), duodenal ulcer; Cavanaugh v. Murphy VarnishCo., 130 N.J.L. 107; affirmed, 131 Id. 163 (1944), *Page 445 
tuberculosis. In most cases of this kind, there seems to have been no consideration of the question whether the workman, at the time of the accident, was already partially disabled by disease, and compensation has been allowed for the full disability found to exist after the accident. Moreover, in Combination Rubber,etc., Co. v. Obser, 95 N.J.L. 43; affirmed, 96 Id. 544
(1921), a one-eyed employee who lost the other eye in an accident, was awarded the same compensation as if he had lost both eyes in the accident. Similarly, an employee who had a congenital astigmatism causing a 36% loss of vision and who was blinded in an industrial accident, was given compensation for the total disability. Vaccaro v. Walter Kidde Co., 134 N.J.L. 491
(Sup. Ct. 1946).
Compensation in cases where there is a pre-existing partial incapacity, is affected by the statute establishing the "One per cent fund." P.L. 1923, p. 162. It directed that where an employee was totally disabled as a result of two separate compensable accidents, he should be paid out of the fund the difference between compensation for total disability and compensation for the two partial disabilities taken separately. By amendment, P.L. 1936, p. 145, the scope of the act was broadened to include cases where the first disability did not result from a compensable accident and it directed payment from the fund for that part of the compensation for which the employer was not liable. The statute was carefully considered inRichardson v. Essex, etc., Co., 119 N.J.L. 47 (E. A.
1937). A one-legged employee received an injury to his remaining leg that, considered alone, caused 22% disability, but since he had only one leg, it caused a total disability. The Court of Errors and Appeals adjudged that his employer pay compensation for the 22% partial disability only and that the fund was liable for the remaining 78%. The court discerned a clear legislative intent "not to impose any greater obligation upon an employer who hires or employs a person previously injured than if he had hired a person not so injured." Wittel v. Toohey, 117 N.J.L. 572
(Parker, J., 1937) and Walker v. Albright, 119 N.J.L. 285
(Sup. Ct. 1938), were cases where the employee was already *Page 446 
partially disabled by a pre-existing arthritis and part of the compensation for total disability was charged to the employer and part to the fund. See also Voesler v. Palm Fetchteler Co.,120 N.J.L. 553, 554; affirmed, 122 Id. 434 (1939), congenital bone defect. A further amendment appears in P.L. 1940, p.
288, this time excluding from the benefit of the fund cases like the one we are reviewing, that is, cases in which "permanent total disability results from the aggravation, activation or acceleration, by the last compensable injury, of a pre-existing noncompensable disease or condition." The statute in its present form appears as N.J.S.A. 34:15-95.
When an accident arising out of and in the course of employment, produces a total and permanent disability, our law allows to the employee compensation in the same amount and for the same period, whether it was the accident alone that caused the disability, or whether it was the accident in conjunction with a pre-existing condition. And this appears to be the prevailing American view. See 67 A.L.R. 794 and98 A.L.R. 734. If the one per cent fund is liable for part of the compensation, the employer is relieved to that extent; otherwise, the employer must pay all the compensation to which the employee is entitled. We are satisfied that the pre-existing mental condition of the respondent and any resulting disability that may have existed at the time of the accident, are not a valid basis for denying to her compensation for total permanent disability.
Lastly, appellant urges that the respondent failed to sustain the burden of proving that her mental condition is the result of the accident. The original judgment of the Workmen's Compensation Bureau found that the accident resulted in an aggravation of her pre-existing psycho-neurosis, and that the neurosis as so aggravated, produced or constituted a partial disability. We have already noticed that the appellant admits — or rather urges — that the judgment is conclusive. It is clear that the present insanity of the petitioner is a direct development of the neurosis that existed at the time of the first proceeding and that was referred to in the *Page 447 
judgment. There was no intervening cause that brought about the present insanity and total disability. Aside from the judgment, the evidence taken on the second proceeding was nearly evenly balanced. While this court is empowered to make "new or amended findings of fact" (Rules 1:2-20 and 4:2-6; Carpenter v. CalcoChemical, etc., Co., 4 N.J. Super. 53), the power should be exercised sparingly. Although the County Court did not hear the witnesses, but determined the case from a reading of the same evidence that is before us, still we should accord much weight to its finding of fact and not disturb it unless we are well satisfied that the finding is a mistaken one. See opinions of Justices Heher and Wachenfeld in Temple v. Storch Trucking Co.,3 N.J. 42 (1949). The appellant has not convinced us that the County Court erred in fact or in law, and so the judgment will be affirmed.