21 N.J. Super. 493 (1951)
91 A.2d 361
FLORENCE E. DAVENPORT, PETITIONER-APPELLEE,
v.
ALVORD HOTEL, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Essex County Court Law Division.
Decided October 23, 1951.
*494 Mr. Isidor Kalisch, attorney for the respondent-appellant.
Mr. Herman M. Wilson, attorney for the petitioner-appellee.
FRANCIS, J.C.C.
Petitioner was awarded compensation for total permanent disability by the Workmen's Compensation Division of the Department of Labor and the respondent appeals.
A narrow issue is presented by the appeal. Respondent concedes that petitioner sustained a compensable accident and that she is totally and permanently disabled. However, the claim is that no more than 17 1/2% of the total disability should have been assessed against it and that the remaining 82 1/2% should be charged to the "One Per Cent Fund" (R.S. 34:15-94, et seq.).
The basis for respondent's contention is that the undisputed proof shows that prior to petitioner's accident she was suffering from certain physical abnormalities, namely, hypertension, some loss of hearing, a squint of one eye for which she wore glasses, and a congenital curvature of the spine. And it asserts that her total disability has resulted from laying a separate and distinct disability produced by the accident alongside the preexisting infirmities. This treatment on a *495 horizontal plane of the various preexisting conditions and an alleged separate and distinct disability from the accident fathers the argument that the employer should be responsible only for the portion of the total disability which derives from the accident.
The statute creating the "One Per Cent Fund," as it is commonly called, provides, among other things, that
"no person shall be eligible to receive payments from such fund:
(b) If permanent total disability results from the aggravation, activation or acceleration, by the last compensable injury, of a preexisting non-compensable disease or condition." (R.S. 34:15-95).
This excerpt was not part of the act as originally enacted. It followed certain judicial interpretations thereof and clearly manifested an intention to remove from access to the fund those cases where the total disability arose from the "aggravation, activation or acceleration of a pre-existing non-compensable disease or condition" by a compensable injury. (Vandenberg v. John De Kuyper & Son, 5 N.J. Super. 440 (App. Div. 1949)).
The evidence adduced in the case establishes beyond question that Miss Davenport had adjusted herself to her congenital back malformation and that neither it nor any of her other conditions interfered with the performance of her duties as an employee.
At the time of the accident she was an elderly woman, 71 years of age. She had been in the respondent's employ as a pastry chef and as a kitchen assistant for 19 years. Her hours were long and the work was moderately heavy. During this long period she discharged her duties as well as any other employee and without complaint. Her employer always found her work to be satisfactory. She had only one ten day absence on account of illness and that was ten or twelve years before the accident.
It appears that there was an unusual heat wave in the locality of her employment over the July 4, 1949, weekend. On July 5, after working in the heat which was accentuated *496 by the operation of a baker's oven, a large chef's range, two steam tables, two large coffee urns, a gas and an electric toaster, she sustained a fall resulting from heat exhaustion. In this fall she suffered severe shock, a concussion of the brain, and injuries to her back. The blow to her back was severe enough to cause a hematoma about the size of an orange. The injuries necessitated removal by ambulance to a hospital where she remained for 91 days.
From the time of the accident she has been a complete invalid. Her bed had to be moved to the first floor because of her inability to get about, and she is admittedly totally and permanently disabled. Whether the present disability is in major part neuro-psychiatric, or orthopedic, or a combination of the two, the conclusion is inescapable that the compensable employment incident acting upon underlying conditions utterly destroyed her working capacity. It turned a competent working unit  one who did her work as well as any other employee of respondent  into a total and permanent invalid. There is no sound support in the evidence for the view that its effects can be or should be segregated from the other bodily or neuro-psychiatric impairments.
Under the circumstances petitioner's total disability is chargeable to her employment mishap (Vandenberg v. John De Kuyper & Son, supra; Marshall v. C.F. Mueller, 135 N.J.L. 75 (Sup. Ct. 1946); Vaccaro v. Walter Kidde Co., 134 N.J.L. 491 (Sup. Ct. 1946); Masses v. Central Foundry Co., 131 N.J.L. 41 (Sup. Ct. 1943); Cleland v. Verona Radio, Inc., 130 N.J.L. 588 (Sup. Ct. 1943); Molnar v. American Smelting and Refining Co., 128 N.J.L. 11 (E. & A. 1942)), and none of it is chargeable to the One Per Cent Fund (Vandenberg v. De Kuyper & Son, supra).
Accordingly such a judgment will be entered in this court.