33 N.J. Super. 37 (1954)
109 A.2d 294
CITY OF PASSAIC, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
STATE OF NEW JERSEY, BY THE COMMISSIONER OF CONSERVATION AND ECONOMIC DEVELOPMENT, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 15, 1954.
Decided November 22, 1954.
*38 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. William N. Gurtman argued the cause for plaintiff-appellant.
Mr. Thomas P. Cook, Deputy Attorney-General, argued the cause for defendant-respondent (Mr. Grover C. Richman, Jr., Attorney-General of New Jersey).
The opinion of the court was delivered by CLAPP, S.J.A.D.
The State of New Jersey in 1916 conveyed to the City of Passaic certain lands formerly under water, granting to it an estate upon condition. By this appeal a single question is presented, whether  as was held below  the use of a portion of these lands for a housing project violates that condition.
This is the condition, with pertinent portions italicized:
"Provided, that the land now or formerly under water, above described and granted for park or street purposes, shall be kept and maintained as a public park, street, or place for public use, resort and recreation, and that no building or other structures shall be erected on such park, or on the lands now or formerly under water so granted inconsistent with its use as a public park, street or place of public use, resort or recreation.
And provided further, that the lands so granted are to be used for the purposes above stated and to revert to the State of New Jersey if any diversion from such purpose is allowed by the said THE BOARD OF COMMISSIONERS OF THE CITY OF PASSAIC, its successors or assigns."
*39 We clearly should not, as the city would have us do, restrict our inquiry to the italicized words, "public use." Those words should not be lifted out of their setting, and the case made to turn upon the question whether a public housing project is a "public use." Nor indeed should we confine ourselves to the larger phrase, "public park, street or place of public use, resort or recreation," even though by bearing down upon the mere collocation of the words of this phrase, we can rest the case upon the doctrine of ejusdem generis. There is solider evidence here of the parties' intentions.
Authority for the above grant was given by L. 1914, c. 228 (N.J.S.A. 12:3-37), and the deed itself, by its very opening words, focuses attention upon that act, thus:
"WHEREAS, Pursuant to an act of the Legislature of said State, approved April 17th, 1914 `An Act to authorize the Riparian Commissioners of the State of New Jersey to grant lands of the State now or formerly under tide water to municipalities for street and park purposes, and impose terms upon such municipalities as conditions of such grant,' * * *."
We look then  this reference to the act provides us with an ample basis for so doing, 26 C.J.S., Deeds, § 81, p. 320, cf. 3 Williston, Contracts (Rev. Ed.) § 628  to first, the provisions of the act, second, its title, and, third, the very substance of its aims, for whatever light they may shed upon the purposes of the condition.
First, the provisions of the statute, and indeed the condition of the deed also, as italicized above, contain a reference to the lands as those "granted for park or street purposes."
Second, the title of the act has some significance here, not only by reason of its effect upon the statute, Addotta v. Blunt, 114 N.J.L. 85, 88 (Sup. Ct. 1934), Samuel D. Wasserman, Inc., v. Klahre, 24 N.J. Super. 143, 147 (App. Div. 1952), but also by reason of the recital of the title in the deed. In setting forth that recital above, we have italicized the significant words, that the grant is "for street and park purposes."
*40 Third, the substance of the statutory endeavor, stating it generally, is to enable the State to grant unto a municipality lands, now or formerly under water, where the municipality has laid out or provided for a park or street along or over the lands. And so we think the grant, looking at it in the light of the whole statute, was intended to be in aider only of parks and streets or of purposes akin thereto.
The city assumes the proposition to be self-evident, that a deed will be construed against the grantor. But such is not the rule here. Quite the contrary. A grant from a State to a municipality is construed against the grantee, and any ambiguity in it operates in favor of the State. United States v. State of Michigan, 190 U.S. 379, 401, 23 S.Ct. 742, 47 L.Ed. 1103 (1903); Tracy v. Borough of Keansburg, 99 N.J.L. 35 (Sup. Ct. 1923); cf. Stevens v. Paterson and Newark R.R. Co., 34 N.J.L. 532, 534, 553 (E. & A. 1870).
Is, then, the above condition satisfied because 81% of the land used by the housing project is to be devoted to parks and streets? Clearly not, for the parks and streets are but incidental to the housing. Besides, the housing itself constitutes a violation of that portion of the condition, above recited, which forbids the erection of a
"building or other structures * * * on such park, or on the lands * * * inconsistent with its use as a public park, street or place of public use, resort or recreation."
We might add that we are unmoved by the practical considerations urged by the city on the oral presentation of the appeal.
Indeed the arguments here  in whatever direction you approach the matter  all lead to the conclusion that the condition stated has been broken.
Affirmed.