ELEANOR SCHNEIDER, PETITIONER-RESPONDENT (DEFENDANT IN CERTIORARI), v. F. AND C. HAERTER, RESPONDENT-APPELLANT (PROSECUTOR IN CERTIORARI).

Submitted October 5, 1937—Decided February 18, 1938.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and PARKER.

For the petitioner-respondent, *Meehan Brothers* (*John J. Meehan*, of counsel).

For the respondent-appellant, *Walter X. Trumbull.*

PER CURIAM.

This is a workman's compensation case. The referee who heard the case in the bureau determined that the petitioner had failed to sustain the burden of proving that the decedent (husband of the petitioner) died as the result of an accident arising out of and in the course of his employment and the petition was dismissed. On appeal, the Common Pleas Court reversed the finding of the bureau, holding that the decedent "met with an accident within the meaning of the Workmen's Compensation act which resulted in his death," and allowed costs and counsel fee. *Certiorari* was allowed, and we therefore proceed to examine the proofs in the record before us.

It appears that the deceased was a carpenter and, on the day in question, was working as such in the employ of the respondent; that he had been on this particular job for twenty-five working days; that on the date of the alleged accident, August 2d, 1935, it was a "tremendous hot day." Decedent and his fellow workman were engaged carrying lumber a distance of a block and a half, then up to a scaffold eighteen or twenty feet above the ground. The decedent was perspiring very freely and his fellow workman, Milega, had "to keep pushing him along." The temperature, according to this witness, was ninety degrees Fahrenheit in the shade; that he advised the decedent to go down to the cellar to get a drink of cold water and when next he saw him, five minutes later, decedent was lying on the ground in an unconscious condition. The lumber which deceased had been carrying was four by four by eighteen, and each piece was said to have weighed between seventy-five and one hundred pounds. Prior to noon of that day, the decedent and five other men were

engaged in carrying five hundred pound window sashes. This work was done in the open where he was unprotected from the sun's rays.

This witness, Milega, further testified that the men were being rushed with the work and that they had to "work fast."

A medical expert witness, Dr. Dolganos, testifying for the petitioner, said that the death caused by "syncope due to myocardial heart disease" was the result of the exertion of the employment and was the cause of the syncope in this case.

A medical expert witness for the respondent, Dr. Marshak, stated that he had diagnosed the death as a result of heart disease and that he could find no evidence of any accident; and that the exertion of employment did not have any relationship to the death. On cross-examination, he admitted that the exertion immediately prior to death "may have been more liable to have something to do with it;" and that exertion will accellerate a myocardial condition.

Another medical witness for the respondent, Dr. Koppel, said "there was nothing in the employment of an unusual nature to have caused the death * * *." He later admitted that where this condition of heart disease exists the exertion engaged in by the decedent for three-quarters of an hour prior to the time he was found unconscious, coupled with the extreme heat of the day, *could* bring on death. This witness, however, admits that he is not a heart specialist.

The Common Pleas Court held that the case of *Kelly* v. *Bernstein Furniture Co.*, 114 *N. J. L.* 500; *affirmed*, 115 *Id.* 500, is controlling, and indeed we think it is. Unquestionably, the decedent had a pre-existing heart condition and while the testimony indicates that from it he might have died any time, there was also testimony supporting the conclusion that there was a causal connection between the heavy work the decedent was doing most of the day, the extreme heat of the day, the more or less continued exertion and the evidence thereof through labored breathing, &c., and the death. See *Pisko* v. *Nelson*, 4 *N. J. Mis. R.* 154; *Winter* v. *Atkinson-Frizelle Co.*, 88 *N. J. L.* 401.

The prosecutor of the writ stresses the fact that the work done by the decedent was the same work done by others and therefore was not unusual, but this argument, we think, is without merit since the proofs in the case support the conclusion that the petitioner, suffering as he was from a pre-existing heart condition, showed *symptoms* of having been subjected to unusual exertion which brought about his death.

We think the case before us quite similar to the Kelly case, *supra,* and that the Court of Common Pleas reached a correct result.

The writ will be dismissed, with costs.