ELIZABETH ROTHER, PETITIONER-RESPONDENT, v. MERCHANTS REFRIGERATING CO., RESPONDENT-PROSECUTOR.

Submitted January 17, 1939—Decided April 13, 1939.

Before Justices Trenchard, Parker and Perskie.

For the prosecutor, *Wilbur A. Stevens* (*Reginald V. Spell,* of counsel).

For the respondent, *Ziegener & Brennan* (*Robert H. Brennan,* of counsel).

The opinion of the court was delivered by

Perskie, J.   In this workmen's compensation case, the question we are called upon to decide is whether, as prosecutor, the employer claims, the employe, respondent's deceased husband, died solely as the result of a serious heart condition with which he was afflicted for several years prior to his death, or whether, as respondent claims, he died as the result of unusual effort necessarily expended in his work, thus aggravating his pre-existing condition and resulting in his death. In other words, respondent's claim is that decedent died as the result of an accident arising out of and in the course of his employment.

The proofs disclose substantially the following facts:  Paul Rother, deceased, respondent's husband, fifty-three years of age and afflicted with a heart condition since 1927, was employed by prosecutor and reported for work at eight A. M., on May 4th, 1936.  Prosecutor sent him to a doctor to be,

and he was, examined. He reported for work about one P. M., of the day of his employment. He was put to work unloading a freight car which contained crates of oranges. More specifically, his work consisted of placing the crates of oranges on a hand truck placed in the freight car and carrying twelve crates; each crate weighed, variously estimated, from sixty to eighty-five pounds. He worked at one end of the freight car and a fellow employe worked at the other end. Another employe pulled the hand trucks out as they were loaded. Some time between one-thirty and one-forty-five P. M., of his first hour of work, a fellow employe saw him lying face down on the floor of the car; no one saw him collapse or fall. He was "breathing hard in a shivery manner, shaking." He was taken outside the car for some air but died a few minutes thereafter. Additionally, each party offered medical proof in support of their respective claims as stated in the question requiring discussion in this cause.

Upon the proofs so adduced, it was determined in the Workmen's Compensation Bureau that "decedent's death was due to his employment. That the unusual effort aggravated the pre-existing condition resulting in his demise." Accordingly respondent was awarded compensation.

On appeal to the Court of Common Pleas of Hudson county the finding of the bureau, and the award there made, was affirmed. The writ of *certiorari* seeks to review the judgment of the Pleas.

The proofs in the case at bar are entirely unlike the proofs in *Hentz* v. *Janssen Dairy Corp.*, 121 *N. J. L.* 161, 166; 1 *Atl. Rep.* (2d) 751, which is urged by the prosecutor as dispositive of this cause. In the Hentz case deceased delivered and collected milk bottles; he had been doing that same work for several years. The court concluded that the proofs in that case established, if anything, that "it was simply a case of overwork." Not so here. On the contrary, the proofs and proper deducible inferences to be drawn therefrom fully support the finding below, in which we fully concur, that the work which decedent did at the time of his death called for and was given "unusual effort." From that unusual effort, came "unusual exertion." Both factors—the unusual effort

and the resultant unusual exertion—did, indeed, aggravate decedent's pre-existing condition as a result of which he died of "syncope due to cardiac disease probably myocardial in nature." Under such circumstances decedent's death is compensable; it arose out of and in the course of his employment. We so find.

We perceive nothing in principle which distinguishes the instant case from the class of cases of which *Bernstein Furniture Co.* v. *Kelly,* 114 *N. J. L.* 500; 177 *Atl. Rep.* 554; *affirmed,* 115 *N. J. L.* 500; 180 *Atl. Rep.* 832, and *Schneider* v. *F. & C. Haerter,* 119 *N. J. L.* 548; 197 *Atl. Rep.* 281, are typical; they are dispositive of the case at bar.

The writ is dismissed, with costs.