HELEN MOLNAR, PETITIONER-DEFENDANT, v. AMERICAN SMELTING AND REFINING COMPANY, RESPONDENT-PROSECUTOR.

Argued May 6, 1941—Decided July 16, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and HEHER.

For the petitioner-defendant, *David I. Stepacoff*.

For the respondent-prosecutor, *Francis M. Seaman*.

The opinion of the court was delivered by

CASE, J. The litigation arises out of the Employers' Liability Act. Plaintiff's decedent died under circumstances hereinafter related while at his place of employment on

March 21st, 1939. The Workmen's Compensation Bureau determined that the petitioner had not carried the burden of proof and dismissed the petition. The Middlesex Common Pleas held, on appeal, that Molnar died as the result of an accident arising out of and in the course of his employment, that death was caused by overexertion whereby the decedent suffered an accidental strain of the heart and found for the petitioner.

Decedent was employed by American Smelting and Refining Company as a furnace man. His duties included working on a heavy pot which weighed between 600 and 700 pounds and which had to be pulled away from the furnace to a brick platform—a distance varying from ten to twenty-four feet. He worked at that employment to and including a part of March 21st, 1939. His shift on that day was from midnight until eight o'clock in the morning. He began his work at the appointed time and two or three hours later had occasion to pull the pot away from the furnace. According to one of the two witnesses of the event the wheel became caught in an irregularity in the flooring which caused Molnar to exert unusual force in extricating it; the credibility of that testimony is attacked and we do not rely upon it. It is conceded, however, that after Molnar got the pot in its proper position and started ladling therefrom he complained of severe pains in the heart and chest, withdrew to the office a few feet distant, threw himself upon the desk and presently rolled therefrom dead. Not more than twelve to fifteen minutes elapsed between the moving of the pot and Molnar's death. There was a predisposing physical condition.

The man died of heart failure. The heart action did not merely fade out; it was stopped by forces accompanied by terrific pain; and the question is whether this physical experience was in any measure provoked by the man's concomitant service in his employment. We think that only confusion would come from an attempt to compare or to distinguish the various and highly technical medical phrases and hypotheses. In our opinion and by our finding the death would not have occurred when it did except for the physical exertions put forth by the employee in the due per-

formance of his work. Upon the facts here stated and our conclusion as just expressed we think that the holding of the Court of Errors and Appeals in *Hentz* v. *Janssen Dairy Corp.,* 122 *N. J. L.* 494, is controlling. As for an accident in the sense used in the earlier days, there was none; but it appears to be the effect of our more recent decisions that where the performance of manual labor entails a strain upon the heart without which death would not have occurred but in consequence of which, combined with causes disassociated with the employment, death does occur the experience constitutes an accident within the meaning of the Employers' Liability Act, and that when the contributory strain arises out of and in the course of the employment the accident likewise so arises.

Our Court of Errors and Appeals has held that "* * * the requirement that the injury or death arise by accident, under our statute, is satisfied if the claimant discharges the burden of proving that the condition complained of, *i. e.,* the injury or death, is related to or affected by the employment, that is to say, if but for the employment it would not have occurred." *Bollinger* v. *Wagaraw Building Supply Co.,* 122 *N. J. L.* 512, 520; *Ciocca* v. *National Sugar Refining Co.,* 124 *Id.* 329, 334. In the English case of *James* v. *Partridge Jones et al.,* 6 *A. C.* 501; 26 *Butterworth's Workmen's Compensation Cases* 277, at least twice cited with approval by our Court of Errors and Appeals; *Hentz* v. *Janssen Dairy Corp., supra; Bollinger* v. *Wagaraw Building Supply Co., supra,* accident was determined upon these statements of pertinent principles:

"I do not think we should attach any importance to the fact that there was no strain or exertion out of the ordinary. * * * Nor do I think we should attach any importance to the fact that this man's health was as described. * * * An accident arises out of the employment when the required exertion producing the accident is too great for the man undertaking the work, whatever the degree of exertion or the condition of health. * * * The real question, as it seems to me, is this: Did it (this death) arise out of his employment? On this regard the evidence before the county

court judge was undoubtedly conflicting. But he has held that it did, and I think there was sufficient evidence to support that finding. The death, says the learned judge, was caused by a strain arising out of the ordinary work of the deceased operating upon a condition of body which was such as to render the strain fatal. The fact that the man's condition predisposed him to such an accident seems to me to be immaterial. The work was ordinary work; but it was too heavy for him. "* * * when the learned county court judge has held that the result of the work was the failure of the blood supply resulting in angina pectoris, and that it was because he was engaged in doing his ordinary work under this diseased condition that this failure arose, and that the work and the disease together contributed to the death, it would be impossible to deny that that is within the actual meaning of the words in the case I have quoted."

We are satisfied that but for the employment the death would not have occurred when it did. That, under the statement of principle quoted above, constitutes a statutory accident. The accident, then, consisted of the putting forth of the man's physical effort exerted in the normal performance of his usual duties and the fatal effect thereof upon a vital organ already seriously impaired by disease. The effort would not have been undue if the man had been in health but it was excessive for the weakened member. The application of the law to the facts results in a finding that there was an accidental strain of the heart. There can be no doubt that the physical stress which was the effective final factor was exerted in the course of the employment and that whatever arose from it arose out of and in the course of the employment. "An accidental strain of a heart, even though the heart was previously weakened by disease, may be a compensable injury under our statute when * * * the accident arose out of and in the course of the employment." *Bernstein Furniture Co.* v. *Kelly,* 115 *N. J. L.* 500.

It remains to consider the amount of counsel fees allowed by the Common Pleas Judge to the attorney for the petitioner. He allowed the attorney for the petitioner for his services before the Workmen's Compensation Bureau $700

to be paid by his client, the petitioner therein, and $700 to be paid by the respondent, and for his services in the Pleas $500 to be paid by his client, the petitioner, and $700 to be paid by the respondent therein, a total of $2,600. We consider that the allowances are excessive. The entire compensation awarded to the petitioner was $8,351.63. The hearing in the Compensation Bureau occupied two days. The appeal before the Court of Common Pleas was, of course, in accordance with the provisions of the statute, heard upon the transcript of the proceedings in the Bureau. The allowances should, we think, be reduced to $850 in the Bureau and $500 in the Pleas. The determination below will be modified to that extent, the payment of the allowances to be apportioned between the petitioner and the respondent below in the same percentages as were applied by the Common Pleas Judge.

The allowances will be modified as indicated above; in other respects the judgment in the Common Pleas will be affirmed.