New Jersey Department of Labor,
Workmen's Compensation Bureau.

JOHN HICKEY, PETITIONER, v. HOFFMAN BEVERAGE CO.,
RESPONDENT. ·

Decided July 17, 1941.

For the petitioner, *Alexander Permison* (*David Roskein,* of counsel).

For the respondent, *John W. Taylor.*

\*        \*        \*        \*        \*        \*        \*

Two issues are presented to me for determination: First did the petitioner sustain an accident arising out of and in the course of his employment with the respondent, and second, the nature and extent of temporary and permanent disability attributable to said accident. The testimony discloses that on December 17th, 1940, and for a considerable time prior thereto, petitioner had been employed in the employ of the respondent as a laborer. · At about 2:00 in the afternoon of that date, he was engaged in lifting wooden boxes filled with tin foil from the floor to the bench on which he worked, which boxes weighed between 100 and 150 pounds each. The petitioner had already raised several boxes and while in the act of lifting the box in question, he felt a sudden sharp cramp-like pain in his abdomen; he felt faint and nauseous which sensation was followed by one of weakness and dizziness. He remained at his employment with difficulty until about 3:00 P. M. when his condition became so acute that he was com-

pelled to cease work and return to his home. On arriving at his home he had several fainting spells and when examined by a physician who was summoned the same day, he was found to be suffering from internal bleeding due to a ruptured duodenal ulcer. He was removed to the Irvington General Hospital, where he remained until January 6th, 1941, under the care of Dr. Susserman. Petitioner subsequently returned to work on February 28th, 1941. He still has periods of weakness, is unable to do the heavy work of his employment, is required to remain on a diet prescribed by his physician and has other symptoms and findings which cause him to deviate from the normal person.

In addition to the testimony of his treating physician, Dr. Susserman, there appeared Dr. Max Singer, a surgeon, and Dr. Robert H. Stockfish, who testified in detail as to the petitioner's present condition and their opinion as to the relationship between his present condition and the occurrence of December 17th, 1940. On behalf of the respondent there appeared and testified Dr. A. Yaguda, Dr. Leon Lewis and Dr. Jack Blumberg.

After carefully considering all the evidence adduced before me I have reached the conclusion and find that the petitioner, on December 17th, 1940, sustained an injury by reason of an accident which arose out of and in the course of his employment with the respondent. The testimony indicates that nine months prior to said accident, he had been examined by a physician for a possible peptic ulcer. The evidence is such that there is no doubt that the petitioner possessed a pre-existing peptic ulcer prior to the occurrence of December 17th, 1940. I find from the testimony that the strenuous effort required in the lifting of the carton of tin foil from the floor to the work bench was a competent producing cause of the rupture of peptic ulcer. I am satisfied that the symptoms immediately followed the lifting effort, the hemorrhage and the subsequent sequela were caused by the rupture of the said ulcer. My opinion in this regard is further supported by the fact that the petitioner had been examined by the respondent's physician only an hour or so prior to the acci-

dent, during a routine examination of the employes of the said plant, and at that time he appeared in normal good health. It was only after the lifting effort in question occurred that the symptoms developed. This more than justifies on my part a rational inference of causal relationship. It is quite evident that the lifting effort and strain accompanying same resulted in an increase of abdominal pressure. The presence of the underlying peptic ulcer which was subjected to this strain and pressure supports the conclusion that in all reasonable probability the ensuing hemorrhage and distressing symptoms were causally related to the lifting effort. *Holzwarth* v. *Hedden & Co.*, 1 *N. J. Mis. R.* 381. In the determination of controverted questions within our act, reasonable probability and not the ultimate degree of certainty is the test. *Auten* v. *Johnston*, 115 *N. J. L.* 71; 178 *Atl. Rep.* 187; *Jackson* v. *New York Shipbuilding Corp.*, 119 *N. J. L.* 542; 197 *Atl. Rep.* 284.

As to whether the respondent had notice or knowledge of the occurrence, the testimony discloses that the petitioner ceased work on the date the accident occurred prior to his usual quitting hour, which information was conveyed to several of his fellow employes and the respondent's time-keeper. The evidence also indicates without contradiction that during his hospitalization, notices were posted on the employer's bulletin board requesting blood donors for the petitioner. From a consideration of all of the testimony, I am satisfied that the petitioner has met the burden of establishing that the respondent had notice of the occurrence in question and I so find. *Holzwarth* v. *Hedden & Co.*, *supra*. *General Cable Corp.* v. *Levins*, 122 *N. J. L.* 383; 5 *Atl. Rep.* (2d) 731; 124 *N. J. L.* 223; 11 *Atl. Rep.* (2d) 61.

The evidence before me indicates that the petitioner, as a result of the injuries suffered in said accident and their sequela, manifests symptoms of a slightly active duodenal ulcer which requires him to continue to adhere to a diet prescribed by his physician. He also exhibits an incapacity to do any laborious work, especially heavy lifting. His present subjective symptoms, which among other things, con-

sist of hot flashes up his back, generalized weakness, especially after exertion and occasional discomfort after eating, are reasonably attributable to this accident. Superimposed upon these symptoms, and as the result of said accident, the petitioner is afflicted with a mild neurosis which is evidenced by generalized tremors, and a genuine apprehension that any lifting effort on his part will result in a recurrence of the hemorrhage. These all limit his working capacity and produce a disability which causes him to deviate from the normal.

In addition to hearing his testimony, I have had an opportunity to observe the petitioner during the several days that this matter was before me. He impresses me as one whose testimony is worthy of belief and credence and I so accept it.

\* \* \* \* \* \* \*

It is, therefore ordered that judgment be and the same is hereby entered in favor of the petitioner and against the respondent. \* \* \*

HARRY S. MEDINETS,
*Deputy Commissioner.*