7 N.J. Super. 200 (1950)
72 A.2d 531
SAMUEL KUPERSTEIN, PLAINTIFF-APPELLANT,
v.
GUDE & COLE CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 10, 1950.
Decided April 17, 1950.
*201 Before Judges McGEEHAN, COLIE and EASTWOOD.
Mr. Frank Fink argued the cause for appellant (Messrs. Margolis & Margolis, attorneys).
Mr. William A. Davenport argued the cause for respondent.
The opinion of the court was delivered by COLIE, J.A.D.
This appeal brings up for review the judgment of the Essex County Court dismissing a workmen's compensation action. A like judgment was entered in the Workmen's Compensation Bureau. The appellant, Samuel Kuperstein, was employed as an egg candler for the defendant corporation and had been such for 36 years. On October 22, 1948, he commenced work at about 6 A.M. The work required, among other things, that he lift a case of eggs weighing approximately 58 pounds up to a table on which stood the candler. On that morning there were stacked near the table, eight cases of eggs. He testified that when he attempted to lift the topmost case, the case below caught on it so that the lower case came up with the topmost one. The total load was 116 pounds. He further testified that this had never happened before in his experience and that while he was lifting the two cases, he felt a burning pain in the left and right chest and commenced to sweat. After sitting for a few moments, he endeavored to finish candling the remainder of the case but could not finish. He then reported to a Mr. Lawitter that he didn't feel well and had a burning pain in his chest. He sat in the office for some time and at about 8:30 A.M. was driven by a fellow-employee to Beth Israel Hospital. When *202 asked whether he ever had any chest pains before, he testified that he did two days before. He apparently worked the intervening day or days between then and the alleged accident. There was no one else present at the time of the happening on October 22nd. The defendant's treasurer and secretary, Mr. Lawitter, testified that Kuperstein came into the office and said that he didn't feel well and remained sitting there until the office manager came in. Mr. Lawitter testified that Kuperstein at no time mentioned that the onset of pain occurred while lifting the crates of eggs, although he sat in the office for approximately an hour before he was taken to the hospital. Mr. Zilliox, the office manager, came to the office at about 7:30 and Kuperstein told him that he was sick and had pains in his chest. Mr. Zilliox denied that Kuperstein said anything about the onset of the pain while lifting the two crates of eggs. Even when asked "What's the matter with you?" he merely mentioned the pain and did not elaborate. To the County Judge and to this Court, silence under the circumstances is eloquent. Mr. Hershkowitz, a salesman of the corporation, took Mr. Kuperstein to Beth Israel Hospital and testified that while Kuperstein appeared pale and scared and complained of chest pains, he never mentioned that the incidence of the pain coincided with the lifting of the crates of eggs. Dr. Azima, an interne at Beth Israel Hospital, testified that he took the history on admission to the hospital; that Mr. Kuperstein told him that two days prior to going to the hospital he developed severe pain below the lower portion of the sternum; that he never mentioned that the onset of the pains was connected with the lifting of the crates of eggs. The claim petition filed in the Bureau stated that "I lifted a case of eggs as a result of which I received a heart attack." This statement throws additional light on the credibility of Kuperstein's version as testified to by him. The provisional diagnosis was a coronary occlusion.
In the Workmen's Compensation Bureau the judgment of dismissal was predicated upon two findings  1, that the incident of October 22nd was highly improbable and, 2, that *203 even if such an incident did occur, there was no unusual effort or strain beyond the mere employment itself which could be considered an accidental injury, and the judgment of dismissal was entered. The Essex County Court entered its judgment of dismissal on the basis that the petitioner had failed to sustain the burden of proving the incident described by him. We are led to the same conclusion as the learned County Court Judge.
Under Rule 1:2-20 and Rule 4:2-6 this court on appeal may find "new or amended findings of fact * * * but due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses." The testimony presented a sharp issue of credibility and in our judgment it is significant that although two crates of eggs had never before stuck together in his 36 years of work, yet nonetheless Kuperstein never mentioned that extraordinary fact in connection with his physical condition. We do not think, under the testimony, that this Court can do other than accept the finding on the question of credibility in the Bureau and the County Court. Indeed, our examination leads us to the conclusion that the onset of the coronary occlusion did not result from a work-connected incident.
The judgment under appeal is affirmed.