26 N.J. Super. 599 (1953)
98 A.2d 596
ALTON KEA, PETITIONER-APPELLANT,
v.
ELIZABETH LUMBER CO., RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued July 6, 1953.
Decided July 10, 1953.
Before Judges COLIE, LEYDEN and GRIMSHAW.
*600 Mr. Joseph Butt argued the cause for appellant.
Mr. Isidor Kalisch argued the cause for respondent (Mr. Stanley U. Phares, attorney).
Miss Grace J. Ford, Deputy Attorney-General, argued the cause for the Commissioner of Labor and Industry.
PER CURIAM.
Petitioner suffered injury to a finger on April 24, 1952. He filed a petition which went to formal hearing and received an award of $174.50 for permanent disability and a counsel fee of $10 payable in equal shares by petitioner and respondent. On appeal to the Union County Court the appeal was dismissed. This appeal seeks a reversal and determination as to whether (1) there is statutory authority for an informal hearing; whether (2) the administrative policy of the Department of Labor and Industry requiring that certain claims be first presented at informal hearing is legal, and whether (3) such administrative policy applies where there is an issue in addition to the extent of disability.
R.S. 34:15-64 authorizes the commissioner to make such rules for the conduct of hearings as may be necessary. On May 1, 1939 a rule was adopted permitting informal hearings. For 14 years informal hearings have been a vital part in the economical and expeditious disposition of claims under the compensation act. In April 1952 the Workmen's Compensation Board adopted a declaration of administrative policy that "at formal hearings, where the only issue is the extent of disability, and involving a payment of compensation not in excess of $400.00, or claims involving permanent disability only to fingers or toes, if not first presented at informal hearing * * * shall, * * * carry an allowance for counsel fees * * * not in excess of 5% of the amount of the award or settlement."
The award of $10 as counsel fee is slightly in excess of the 5% fixed in the declaration of administrative policy, but the effect of the declaration is not to divest the deputy *601 director of his discretion to allow a reasonable attorney's fee, not exceeding 20% of the judgment. R.S. 34:15-64. Actually the County Court decision was not predicated upon the declaration of policy. The award of counsel fee was discretionary and we find no abuse of discretion.
Finding no merit in the appeal, the judgment of the Union County Court is affirmed.