## FOURTH DEPARTMENT, FEBRUARY, 1962

### (February 15, 1962)

■ In the Matter of SIERRA CONSTRUCTION CO., INC., Appellant, v. BOARD OF APPEALS OF THE TOWN OF GREECE et al., Respondents.— Memorandum: The Zoning Ordinance of the Town of Greece provided a minimum setback of 60 feet in the residential zone in which the appellant's property was located and it further provided that "when any building is hereafter erected, constructed or built within a residential district on a road or street on the same side of which buildings or structures are located within three hundred (300) feet on either side, the line or setback shall be not less than the average setback of all such buildings for a distance of three hundred (300) feet on each side of said proposed new building" (1961 Zoning Ordinance, § 16, subd. a, par. [1]). The appellant proposed to erect a residence with a setback of 67½ feet from the existing easterly line of Mt. Read Boulevard. There were four residences immediately south of the lot upon which the appellant proposed to build (all within 300 feet thereof) which were set back 82 feet from the easterly line. There were no other residences within 300 feet except a residence upon a corner lot which faced the intersecting street. Upon the basis of the quoted provision of the ordinance, the Building Inspector refused to issue a permit unless the setback conformed with the existing structures. The appellant attacks the setback provision as an invalid delegation of legislative power to private individuals, citing *Eubank* v. *Richmond* (226 U. S. 137); *Washington ex rel. Seattle Trust Co.* v. *Roberge* (278 U. S. 116) and *Matter of Concordia Collegiate Inst.* v. *Miller* (301 N. Y. 189). If the ordinance were construed as allowing the first builders in the future, in an undeveloped area, to establish a setback line which would thereafter be binding upon others building within 300 feet of the first buildings, it would be subject to very grave constitutional doubts (cf. *Matter of Bettman* v. *Michaelis*, 27 Misc 2d 1010, 1015). However, we construe the ordinance as referring only to residences which were in existence at the time of the adoption of the ordinance and as making any setback lines (in excess of 60 feet) then in existence binding upon all persons who might build residences thereafter within 300 feet of the existing residences. If the ordinance is so construed, no question of delegation of legislative power arises (1 Yokley, Zoning Law and Practice [2d ed.], p. 406; *Phelan* v. *Zoning Bd. of Review*, 170 A. 2d 289 [R. I.]; *Flinn* v. *Treadwell*, 120 Col. 117; see, also, *State ex rel. McKusick* v. *Houghton*, 171 Minn. 231). The Town Council may adopt a lawful existing situation as the basis for an ordinance provision and may make the existing setback line binding upon all others who may wish to build in the future within 300 feet of the existing buildings. In such a case, it is the local legislature's own action which fixes the setback line and not the future action of any private persons. (Appeal from order of Monroe Special Term, denying petitioner's motion for an order directing that the Town of Greece issue a building permit.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.