112 N.J. Super. 383 (1970)
271 A.2d 451
THOMAS BOLGER, PETITIONER-RESPONDENT, CROSS-APPELLANT
v.
CHRIS ANDERSON ROOFING CO., INC., RESPONDENT-APPELLANT, AND CROSS-RESPONDENT, AND BELAFSKY ROOFING CO., CONCRETE PLANT, NATIONAL ROOFING CO., HARTFORD ROOFING CO., PARK ROOFING CO., ATLAS ROOFING CO., ARCO ROOFING CO., AND REMIG ROOFING CO., RESPONDENTS AND CROSS-RESPONDENTS.
Superior Court of New Jersey, Essex County Court, Law Division.
Decided November 23, 1970.
*385 Messrs. Teltser, Bryne & Greenberg (Mr. Irwin R. Rein appearing) for petitioner-respondent and cross-appellant.
*386 Messrs. Hughes, Mc Elroy, Connell, Foley & Geiser (Mr. George J. Kenny appearing) for Chris Anderson Roofing Co., Inc., respondent-appellant and cross-respondent.
Messrs. Schreiber and Lancaster a professional corporation (Mr. Gerald W. Conway appearing) for Belafsky Roofing Co. and National Roofing Co., respondents and cross respondents.
YANOFF, C.C.J. (temporarily assigned).
This is an appeal from the Division of Workmen's Compensation, in which an award of 100% of total was made for cancer of the lung, allegedly caused by petitioner's employment as a roofer. Both procedural and substantive issues are involved.
The facts which raise the procedural issues are as follows: In August 1969 petitioner filed 14 petitions seeking relief for injury caused by his employment as a roofer. The only petition contained in the file on appeal, that against Chris Anderson Roofing Company (Anderson), alleged an occupational disease but did not specifically mention a cancerous condition. Anderson was petitioner's last employer; the other 13 were prior employers. On December 4, 1969, pursuant to N.J.S.A. 34:15-64, Judge Bonafield ordered that petitioner's depositions be taken at the Veteran's Administration Hospital in Orange, New Jersey. The affidavit on file indicates that notice was given by both mail and telephone. The depositions were taken on December 9. Counsel for Anderson was present.
On March 30, 1970 Judge Bonafield wrote a letter to all counsel stating:
Be advised that these 14 cases will be tried by me on Wednesday, April 29, 1970. There will positively be no adjournments granted. In the event you are engaged in another court it will be necessary to have someone here to represent your interest because these cases must be moved on the trial date thereof. If any examinations are deemed necessary by you then you are to make the arrangements for the examination and have them completed prior to the trial date. If the examinations are not completed they will be deemed waived. In the event of a no appearance a default judgment may be entered against you.
*387 At the hearing on April 29, 1970 the only testimony produced was on behalf of petitioner. Dr. Saul Lieb, petitioner's internist, was the sole medical witness. However, two of the respondents introduced in defense the medical report of Dr. Jack S. York. When petitioner's case was concluded, Anderson's attorney strenuously requested an adjournment, stating that he had not had adequate time to prepare his case. In support of his position he stated that petitioner had made, and not kept, an appointment with a physician selected by him. The request was denied. Judge Bonafield then rendered an oral decision holding Anderson, the last employer, liable for the total award, on the authority of Bond v. Rose Ribbon and Carbon Mfg. Co., 78 N.J. Super. 505 (App. Div. 1963), aff'd 42 N.J. 308 (1964). Counsel for respondent appeals, alleging an abuse of discretion on the part of the compensation judge.
Although the award was in the amount of $30,800, petitioner's attorney was allowed a counsel fee in the sum of $1,500. Petitioner cross-appeals. The main thrust of the cross-appeal is that the attorney should have been granted a larger fee. Some of the other 13 employers cross-appeal for protective reasons.
Thus, both petitioner and respondent allege abuse of discretion below and seek corrective action from this court. Normally, in a workmen's compensation appeal the County Court is obliged to bring "its own new mind to the weighing of the testimony uninfluenced by the opinion and conclusions of the Judge of Compensation." MacDonald v. Hudson Bus Transp. Co., Inc. 100 N.J. Super. 103: 106 (App. Div. 1968); sic: Stallone v. Schiavone-Bonomo Corp. 103 N.J. Super. 170 (App. Div. 1968), certif. den. 53 N.J. 226 (1969); Handleman v. Marwen Stores Corp., 99 N.J. Super. 416 (App. Div. 1968), certif. granted 52 N.J. 496 (1968); rev'd 53 N.J. 404 (1969); Szumski v. Dale Boat Yards, Inc. 48 N.J. 401 (1967). However, the question involved in this aspect of the case is not a weighing of testimony, but whether the conduct of the judge below *388 amounted to an abuse of discretion. In the court's judgment, the standard enunciated by the cited and other cases is not applicable thereto.
An appellate court reviewing the conduct of a trial judge does not substitute its own discretion for that of the trial court in determining whether there has been an abuse of discretion. In Schuttler v. Reinhardt, 17 N.J. Super. 480 (App. Div. 1952), the court said:
We would emphasize that it is only in the exceptional case that a discretionary act will lead to a reversal. The circumstance that the appellate judges, had they been presiding at the trial, would have made a contrary ruling, is far from enough to bring about a reversal. [at 485]
The principle deduced from the cases is that only in a clear case, where a party has been adversely affected, will there be a reversal as to discretionary matters, unless there is an erroneous application of the law. Scott v. Garber, 82 N.J. Super. 446, 451 (App. Div. 1964): 5A C.J.S.: Appeal & Error § 1583 at 25. The rule applies both as to the time of trial (see Fotopak Corp. v. Merlin, 34 N.J. Super. 343 (App. Div. 1955)); Lilly v. Todd, 15 N.J. Super. 1 (App. Div. 1951) and allowance of counsel fees. Wiedenmayer v. Johnson, 106 N.J. Super. 161 (App. Div. 1969), aff'd 55 N.J. 81 (1969).
There is no reason why this principle should not apply in a review of discretionary action by the Division of Workmen's Compensation.
In Mulhearn v. Federal Shipbuilding and Dry Dock Co., 2 N.J. 356, 359 (1949) former Chief Justice Vanderbilt, while concluding that the Division of Workmen's Compensation was not a court, detailed the many attributes of a court in the conduct of hearings before the Workmen's Compensation Bureau. By statute the Division has power to make its own rules for the conduct of hearings. N.J.S.A. 34:15-64. Thus, the Director may direct the holding of informal hearings without specific statutory warrant. *389 Kea v. Elizabeth Lumber Co., 26 N.J. Super. 599 (App. Div. 1953). Similarly, he may order employers to file accident reports. Esso Standard Oil Co. v. Holderman, 75 N.J. Super. 455 (App. Div. 1962), aff'd 39 N.J. 355 (1963), app. den. 375 U.S. 43 (1963).
The power of the Director to conduct hearings through judges to whom he delegates his authority is derived from this rule-making power. The court sees no reason to distinguish the Workmen's Compensation Division's power to order formal hearings, or the filing of reports, from its power to order that a hearing be held at a certain time and place, and upon certain notice, so long as the proceedings comply with due process of law. Indeed, if courts substituted their own opinions in such matters for rules and procedures based upon the expertise of an administrative agency such as this, they might well create havoc in the business of the agency. It is in part for that reason that appellate courts affirm determinations of an administrative agency "when there is proof to support the latter's action and its judgment is not arbitrary, capricious or unreasonable." East Paterson v. Civil Service Dept., 47 N.J. Super. 55, 65 (App. Div. 1957). In Freud v. Davis, 64 N.J. Super. 242 (App. Div. 1960), the court, in sustaining a ruling of the Director of Alcoholic Beverages, quoted Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 477, 71 S.Ct. 456, 459, 95 L.Ed. 456 (1951), as follows:
As the court said in that case, respondent is an agency "presumably equipped or informed by experience to deal with a specialized field of knowledge, whose findings within that field carried the authority of an expertness which courts do not possess and therefore must respect [at 246]
See Hornauer v. Div. of Alcoholic Beverage Control, 40 N.J. Super. 501, 505 (App. Div. 1956). There is particular reason for applying this principle to an agency, so like the courts, and conducting so much litigation of a specialized kind as the Division of Workmen's Compensation.
*390 Viewed from this aspect, there was no abuse of discretion. Counsel for respondents had 30 days within which to prepare for the trial. If petitioner was uncooperative with respect to medical examinations or in other ways which impeded trial preparation, respondents could have made application for an extension of time to Judge Bonafield. There is not the slightest indication that this was done. Instead, the court has the impression that respondents relied upon a belief that they would have ample time to prepare after they had heard the petitioner's case. But this was clearly contrary to the explicit language of Judge Bonafield's letter of March 30, 1969. For this court to intervene under these circumstances would be to impair the authority and effectiveness of the workmen's compensation judges. It cannot reasonably be said that a trial judge has abused his discretion when he gives 30 days' notice that a case will be tried peremptorily, and that no excuses for delay will be accepted. The court, therefore, finds as a fact that there was no abuse of discretion in this regard.
By parity of reasoning the court sees no reason for interfering with the counsel fee awarded petitioner's attorney. The judge of compensation had a far better opportunity to evaluate the efforts of petitioner's attorney than does this court. There is nothing in the record to show an abuse of discretion in this respect. N.J.S.A. 34:15-64 does not require that an attorney receive as compensation 20% of the award; this is the maximum allowed. There is no reason to believe that the fee awarded was not adequate compensation for the work performed by petitioner's attorney. Absent an abuse of discretion, this court should not interfere. Detlefs v. Westfield, 104 N.J. Super. 447, 455 (App. Div. 1969).
As already indicated in dealing with the substantive, as distinguished from the administrative issues, the County Court is obliged to review the facts below de novo, applying a fresh mind and making independent findings of fact. The uncontradicted evidence is that in the roofing business labor is employed by the "hiring hall" technique. Petitioner *391 was a roofer and had a lng string of employers, the last of which was Anderson. In the course of his employment over a period of 23 years he was subjected to the fumes and dust of tar, pitch, asphalt and asbestos in large and intense volume. All of these are recognized carcinogenic agents. The testimony of Dr. Lieb was that these fumes, and the dust created during roofing activities, were a cause of the cancer of the lung. The evidence showed, also, that petitioner smoked two packages of cigarettes a day. As to this, Dr. Lieb testified:
Tobacco is recognized  in excessive amounts and over a long duration of time  as a carcogenic agent. However, it is well recognized that it potentiates the carcinogenic agent [sic] of noxious agents  particularly asbestos  to cause an increased severity and frequency of cancer of the lung.
However, he testified, also, on cross-examination:
Q And how can you differentiate, Doctor, in your examination, or have you been able to differentiate this cancer as flowing from smoking or flowing from exposure to pitch or to tar or to asbestos or to asphalt?
A No, I can't, but you just consider all the facts and then it's reasonable to assume that the combination of all these deleterious materials contributed.
Q And this smoking of two packs of cigarettes a day over many years, what part did that play in the cancer?
A Also contributed.
Q Could that not, in and of itself, have caused it?
A Well, that's speculative. I mean, he was smoking while he was so exposed and the same would have happened to this man if he hadn't been exposed. It's speculation.
While recovery for cancer in a workmen's compensation proceeding is not new in this state, Bollinger v. Wagaraw Building Supply Co., 122 N.J.L. 512 (E. & A. 1939); Roney v. Griffith Piano Co., 4 N.J. Misc. 31 (C.P. 1925), aff'd Griffith Piano Co. v. Court of Common Pleas, 4 N.J. Misc. 837 (Sup. Ct. 1926), this is the first case in this State in which heavy cigarette smoking has coincided with extensive *392 exposure to carcinogenic materials with lung cancer as the consequence.
Authority on this factual situation is meagre and in striking disagreement.
In McAllister v. Workmen's Compensation Appeals Board, 69 Cal.2d 408, 71 Cal. Rptr. 697, 445 P.2d 313 (Sup. Ct. 1968), recovery was permitted under the occupational disease provisions of the California Labor Act in the case of a fireman who was exposed to smoke at fires and who smoked cigarettes heavily. There the "Appeals Board," equivalent to the Division of Workmen's Compensation, had denied recovery. The California Supreme Court reversed on the ground that the board's decision was not supported by substantial evidence and involved errors of law. The court said:
We cannot doubt that the more smoke decedent inhaled  from whatever source  the greater the danger of his contracting lung cancer. His smoking increased that danger, just as did his employment. Given the present state of medical knowledge, we cannot say whether it was the employment or the cigarettes which "actually" caused the disease; we can only recognize that both contributed substantially to the likelihood of his contracting lung cancer. As we noted, however, in Employers, etc., Ins. Co. of Wis. v. Industrial Acc. Comm. (1953) 41 Cal.2d 676, 680, 263 P.2d 4, the decedent's employment need only be a "contributing cause" of his injury. [at 502, 71 Cal. Rptr. at 102, 445 P.2d at 318]
It thus overruled the trier of fact to grant recovery.
In Amoroso v. Tubular & Cast Products Mfg. Co., 13 N.Y.2d 992, 224 N.Y.S.2d 787, 194 N.E.2d 694 (Ct. App. 1963), the procedural situation was exactly the opposite. There petitioner, who also was a heavy cigarette smoker, was exposed to fumes of nickel sulphate and chromic acid, and developed lung cancer. The Workmen's Compensation Bureau denied recovery. The New York Appellate Division reversed on the ground that the award was not supported by substantial evidence, 17 App. Div.2d 1003, 233 N.Y.S.2d 909 (1962), and was in turn reversed by the New York Court of Appeals by a vote of 4-3. The majority wrote no opinion; the minority *393 asserted that the workmen's compensation award was supported by substantial evidence. The Appellate Division's opinion relied upon a report of the Division of Industrial Hygiene that there was not sufficient exposure to cause carcinoma of the lung, and that an autopsy revealed no evidence of the offensive chemicals. Here, in contrast to the California opinion, the trier of fact was reversed to deny recovery.
In weighing the persuasive effect of these cases, the court must consider that the California rule as to proof in a workmen's compensation occupational disease case is more like New Jersey's than is the New York rule. In California a petitioner need show only that the "industrial causation is reasonably probable." McAllister, supra.
It is well-settled law in New Jersey that an employer takes an employee as he is and is responsible for any aggravation of a pre-existing condition. In Wexler v. Lambrecht Foods, 64 N.J. Super. 489 (App. Div. 1960) the court said:
* * * It is not essential, under our Workmen's Compensation Act, that an employee be in perfect condition prior to the compensable accident in order to recover from the employer for the entire resulting disability. [at p. 500]
This iterated orthodox workmen's compensation doctrine. Rother v. Merchants Refrigerating Co., 122 N.J.L. 347 (Sup. Ct. 1939), aff'd 123 N.J.L. 262 (E. & A. 1939); Bond, supra. That the contributing or predisposing factor was not related to the employment does not prevent recovery. Burkley v. Atlantic City, 68 N.J. Super. 160 (App. Div. 1961), certif. den. 36 N.J. 130 (1961).
The New York rule, on the other hand, differentiates the effect of pre-existing conditions in occupational disease cases from their consequences in "accident" cases. In 42 St. John L. Rev. (April 1968), Robert J. Chojnacki, in an article entitled "Occupational Diseases under the New York Workmen's Compensation Law," states:
*394 Finally, it should be noted that not only must the disease be due to the nature of the employment, but, as has been seen from the decision in Detenbeck, the disability must be caused solely by the nature of the employment. [at 503]
In the decision to which the author makes reference, Detenbeck v. General Motors Corp., 309 N.Y. 558, 132 N.E.2d 840 (Ct. App. 1956), it was said:
* * * There must be a recognizable link between the disease and some distinctive feature of the claimant's job. This test is not met when disability is caused by an aggravation of a condition which is not occupational in nature. If an employee contracts an occupational disease, he is not to be prejudiced by reason of a pre-existing illness or defect, but neither is he to be preferred over other employees by creating a different class of compensable disabilities for his benefit. [132 N.E.2d at 842-843; emphasis added]
No New Jersey case distinguishes, in this way, between the treatment of occupational diseases under section 30 of N.J.S.A. 34:15 and accidents under section 10. It has never been suggested in New Jersey that the concurrence of a non-work-connected pre-existing condition with a work-connected accident or occupational disease is not compensable. Not only is an employer responsible in this State for work-connected injury which aggravates or precipitates pre-existing conditions, but, as stated in Wexler, supra:
Where an employer contends that he is not legally responsible for petitioner's total disability and seeks to attribute the disability of the injured employee to causes for which he is not responsible, the burden of proof in that regard is on the employer. [64 N.J. Super. at 500]
Lilly v. Todd, supra.
The New York decision is thus based upon a premise which is different from the law in New Jersey, while the California decision is not. It follows that the California rule has the greater persuasive effect. In this case, at least, it leads to a correct result. Factually, petitioner's smoking is as much of a pre-existing condition as a weakened heart, *395 Molnar v. American Smelting & Refining Co., 127 N.J.L. 118 (Sup. Ct. 1941), aff'd 128 N.J.L. 11 (E. & A. 1942), or tuberculosis, Rekoon v. General Lead Batteries Co., 119 N.J.L. 296 (Sup. Ct. 1938), or a peptic ulcer Hickey v. Hoffman Beverage Co., 19 N.J. Misc. 516 (Dept. of Labor, 1941), or the many human weaknesses which have been held to set the stage for workmen's compensation recovery in this State. Factually, the Court must also find from the evidence that whether the smoking contributed to the end result or not, petitioner's exposure to pitch, tar and asphalt contributed in a major way to the onset or precipitation of the lung cancer.
Bond, supra, establishes the law that where an occupational condition could have been caused by a series of employments, the last employer bears the full responsibility. Accord, Masko v. Barnett Foundry & Machine Co., 53 N.J. Super. 414 (App. Div. 1959), certif. den. 29 N.J. 464 (1959). In this case Anderson is the last employer.
It follows that there must be affirmance as to all matters raised by the appeal and cross-appeals.