209 N.J. Super. 528 (1986)
507 A.2d 1209
JOSEPH F. FIELD, PETITIONER-RESPONDENT,
v.
JOHNS-MANVILLE SALES CORP., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 12, 1986.
Decided April 22, 1986.
*529 Before Judges KING, SIMPSON and SCALERA.
Sebastian Lombardi argued the cause for appellant (Budd, Larner, Kent, Gross, Picillo, Rosenbaum, Greenberg & Sade, attorneys; James M. Mascelli, on the brief).
John J. Sharkey, Jr., argued the cause for respondent (Raymond E. Wenstrom, attorney).
The opinion of the court was delivered by KING, P.J.A.D.
This workers' compensation case involves the measure of appropriate credit for non-work-related disability under N.J.S.A. 34:15-12(d). This employee's claim petition was filed on November 16, 1979 alleging damage to his lungs from exposure to asbestos over his 17-year period of employment with appellant Johns-Manville. After trial in 1984, a judgment was entered awarding petitioner 25% partial total disability for asbestosis and bronchitis. The judge found that 17 1/2% of that total became manifest on December 27, 1979 and all 25% became manifest on August 18, 1983. The credit for prior functional loss was 17 1/2%. That is, 17 1/2% was paid under pre-1980 rates and the increment of 7 1/2% was paid under 1980 rates.
On this appeal Johns-Manville claims that the judge "erred in failing to give respondent a credit under the 1980 workers' compensation act [amendment] for the functional loss attributed to petitioner's cigarette smoking." We agree with appellant and remand for recalculation of the proper credit.
In her decision the judge summarized at length the evidence given by petitioner and the three physicians who testified. She found that petitioner had been exposed to asbestos throughout *530 his working career. She was satisfied that petitioner suffered from a disability which affected his ability to carry on the ordinary pursuits of life to a material degree. As noted, total disability was fixed at 25%. She was convinced that petitioner was a moderately heavy cigarette smoker and that this habit contributed to his overall pulmonary disability.
We find that the judge erred in ruling that under the rationale of Bolger v. Chris Anderson Roofing Co., Inc., 112 N.J. Super. 383 (Cty.Ct. 1970), aff'd o.b. 117 N.J. Super. 497 (App.Div. 1971), the overall disability was the sole responsibility of Johns-Manville. Under the so-called Reform Act, L. 1979, c. 283, e.d. January 10, 1980, the judge was required to give the employer credit for the functional loss attributable to cigarette smoking when that loss can be quantified.[1]
Here there was medical testimony apportioning a percentage of petitioner's overall disability to cigarette smoking. Dr. Silberner, petitioner's expert, in his initial testimony said that petitioner's smoking contributed to a minor degree, about 3 to 5%, to the 25% estimate. When asked to assume that petitioner had a heavier smoking history, i.e., three packs a day instead of less than one pack a day for 22 years, he said that overall disability would be at least half, or 12 1/2%. The employer's expert Dr. Tucker thought that any actual pulmonary disability represented solely smoking history, not occupational history. There was additional medical testimony attributing at least a part of petitioner's disability to cigarette smoking.
*531 Before the Reform Act of 1980 an employer took employees as it found them with all infirmities. Thus any aggravation, acceleration or exacerbation of a pre-existing condition made an employer liable for the whole resultant disability. See Belth v. Anthony Ferrante & Son, Inc., 47 N.J. 38 (1966). But the Reform Act, specifically N.J.S.A. 34:15-12(d), represented a significant departure from prior law. The employer now is entitled to receive a credit for an employee's prior loss of function involving the same body part affected by the compensable occupational disease. The credit applies whether or not compensation was received for the earlier injury. The employer no longer takes employees as it finds them. See Abdullah v. S.B. Thomas, Inc., 190 N.J. Super. 26, 29-30 (App.Div. 1983); Kumpf, "Occupational disease claims under the workers' compensation reforms", 12 Seton Hall L.Rev. 470, 474 (1982).
As we noted in Abdullah, supra at 29-32, the theory that an employer takes an employee "as is" still obtains in fact except that in order to encourage hiring workers with pre-existing disabilities, the employer now gets credit for the "previous loss of function," whether work-related or not.
We therefore remand for calculation of the proper credit to be charged against the increase from 17 1/2% to 25% only. The award of 17 1/2% was made under prior law (at lower rates) which did not, as noted, require credit for "previous loss of function." Total functional credit of 17 1/2% per Abdullah for the award through 1979 already has been awarded against the 25% total award. Only the 7 1/2% increment from 1979 to 1983 was made pursuant to the Reform Act and the new rates. Thus, the credit should only reflect the amount of disability contained in this increment which was attributable to cigarette smoking.
Remanded for the percentage recalculation of credit on the 7 1/2% increment from 1979 to 1983.
NOTES
[1] N.J.S.A. 34:15-12(d) states

If previous loss of function to the body, head, a member or an organ is established by competent evidence, and subsequently an injury or occupational disease arising out of and in the course of an employment occurs to that part of the body, head, member or organ, where there was a previous loss of function, then and in such case, the employer or the employer's insurance carrier at the time of the subsequent injury or occupational disease shall not be liable for any such loss and credit shall be given the employer or the employer's insurance carrier for the previous loss of function and the burden of proof in such matters shall rest on the employer.