MILLARD F. PHELAN, SR. *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

APRIL 19, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is a petition for certiorari to review the action of the zoning board of review of the city of Warwick in granting the application of Joseph and Carrie DiCenzo for an exception under the zoning ordinance pursuant to sections 3.4.3 and 14.2.6 thereof. The petitioners are the owners of certain parcels of land situated in the immediate vicinity of the applicants' lot, and they appeared at the hearing before the board and remonstrated against the granting of the application.

The writ was issued and it appears from the return thereto that the applicants are the owners of lot No. 17 on assessor's plat No. 377 situated at the end of Tiffany avenue on Warwick Cove. This lot is in a residential A-7 zone in a hurricane danger area. It has an area of less than 5,000 square feet on which applicants propose to build a one-family dwelling house 10 feet from the lot line on Tiffany avenue. It also appears that the dwelling house owned by one of the remonstrants is on a lot having an area less than the applicants' lot.

The chief objections of the remonstrants who testified were that a house such as applicants propose to build would block their view of the cove, that applicants' lot was subject to hurricane flooding and not suitable for residential development, and that there would be a parking problem created at the end of Tiffany avenue if a dwelling house were built on their lot.

The board apparently treated those objections as of no merit and we are of the opinion that they did not err in doing so. In fact petitioners themselves appear to have realized how meretricious they were since in their brief and argument before us no reliance was placed upon them by petitioners. Rather they relied on two main points by which they challenged the validity of the board's decision

as being an unreasonable exercise of power under the zoning ordinance and otherwise illegal and contrary thereto.

Under their first contention they argue in substance that the decision fails to specify the size of the proposed dwelling and its location on the lot, and that if it is to be as described in the plan attached to the application it allows for a front yard of only 10 feet whereas sec. 5.6.4 of the ordinance prescribes a front yard of 25 feet in a residence A-7 district. They also claim that the decision is invalid because there is no evidence in the record that the granting of the exception "was reasonably necessary for the convenience and welfare of the public."

The petitioners' second contention is that the decision is violative of sec. 3.6 of the ordinance which provides, "No dwelling shall be erected on a lot which does not abut a public street for at least 50 feet." The applicants claim their lot fronts on Tiffany avenue 54.90 feet, but petitioners contend that it fronts only 44.90 feet and that the additional 10 feet extends into Warwick Cove. Evidence on this point was given by an engineer who testified for applicants that the distance is 54.90 feet. On the view which we take of the board's power under the pertinent sections of the ordinance to grant the special exception, it is not necessary to resolve the conflict, if there is any, on this point.

Under sec. 14.2.6 of the ordinance the board is expressly authorized to issue permits as indicated in sec. 3.4.3 which reads as follows:

"In any district in which dwellings are permitted, a dwelling may be erected on a non-conforming lot or on two or more adjacent non-conforming lots in the same ownership. Where such lot or lots contain less than 5,000 square feet, it shall be necessary for the owner thereof to receive from the Zoning Board of Review a special exception for the erection of a dwelling thereon and the Zoning Board of Review shall designate the maximum size of the dwelling to be placed thereon and its location on said lot or lots. Where such

lot or lots contain 5,000 square feet or more, a dwelling may be erected thereon without approval from the Zoning Board of Review being necessary provided that no interior side yard on such lot or lots be less than 8 feet, no corner side yard be less than 20 feet, and that front and rear yards be in conformity with the front and rear yard provisions of this ordinance."

This provision is a broad grant of power to the board to vary the minimum lot requirement for a dwelling house. In exercising such power to grant the application for an exception they were bound to designate the size of the house and its location on the lot. The decision does not specifically do this, but it is to be read in connection with the plan attached to the application which sufficiently meets the requirement of the ordinance in this respect.

In so far as the front yard requirement of sec. 5.6.4 is concerned, the board took no notice thereof in their decision. However, in their brief they contend that such requirement is not binding upon them in this proceeding since they have the power under sec. 14.2.4.1 "To permit minor irregularities in the alignment of buildings." They claim that the difference between 10 feet and 25 feet from the front line of applicants' lot on Tiffany avenue is such a minor irregularity. There is nothing in the record to show the necessity or reasonableness for departing from the prescribed requirement or that it is promotive of the general welfare of the city. They argue that if the building were set further back from the street it would be closer to the shore line and be subjected to greater hazards from "the weather and hurricanes in particular."

We are of the opinion that the substantial difference of 15 feet in the front yard requirement is not a minor irregularity within the meaning of sec. 14.2.4.1 of the ordinance. It does not appear from the evidence before the board whether it is necessary to locate the building so near to the abutting line of the street in the interest of safety, the general welfare of the city, or to avoid an unreasonable hard-

ship on these applicants in the beneficial use of their land. In the absence of such evidence and of any indication in the board's decision that they were exercising their discretion under sec. 14.2.4.1 to relieve the applicants of the burden of such hardship, we are of the further opinion that the board's decision allowing the use of the lot for a dwelling within 10 feet of Tiffany avenue was violative of sec. 5.6.4 of the ordinance.

For the reasons stated the petition is granted, the decision of the respondent board is quashed, and the records certified to this court are ordered returned to the board.

*A. Norman LaSalle,* for petitioners.

*Ralph T. Lewis, Jr.,* City Solicitor, *Donald P. Ryan,* Assistant City Solicitor, for respondent.