MILLARD F. PHELAN, SR. *et al. vs.* ZONING BOARD OF REVIEW OF THE CITY OF WARWICK.

MAY 9, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a petition for a writ of certiorari to review the decision of the zoning board of review of the city of Warwick granting the application of Joseph and Carrie DiCenzo for an exception under the zoning ordinance permitting them to complete the construction of a one-family dwelling on an undersized lot. Pursuant to the writ the board has certified the pertinent records to this court.

It appears therefrom that the applicants are the owners of lot No. 17 on assessor's plat No. 377 situated at the end of Tiffany avenue on Warwick Cove. This lot is in a residential A-7 zone in a hurricane danger area and has an area of less than 5,000 square feet. The petitioners are the owners of certain parcels of land situated in the immediate vicinity of the applicants' lot.

In June 1959 the applicants' request for a special exception under sections 3.4.3 and 14.2.6 of the zoning ordinance was granted by the zoning board. Under it the applicants proposed to build a one-family house 10 feet from the lot line on Tiffany avenue. The petitioners appeared at the hearing before the board and objected to the granting of

the application. While their appeal from that decision was pending in this court, the applicants obtained a permit from the inspector of buildings under which they proceeded to construct the house. This court subsequently granted the petition of said remonstrants and quashed the decision of the board. See *Phelan* v. *Zoning Board of Review,* 90 R. I. 490, 159 A.2d 802. Thereafter the building inspector obtained restraining orders from the superior court enjoining the applicants from completing or using the dwelling and from allowing or permitting it to remain upon the land.

On August 19, 1960 the application in the instant case was filed with the zoning board for a special exception under the ordinance pursuant to secs. 3.4.3, 4.5.1, 12.3, 14.2.4.1 and 14.2.6 thereof, requesting permission to complete the construction of the dwelling on Tiffany avenue with a setback of 13 feet 6 inches on the southeast corner and 15 feet 8 inches at the southwest corner, and also requesting the board to designate the maximum size of the dwelling as 20 feet by 24 feet and its location to be as presently shown on the attached plot plan.

After a hearing thereon the board on September 13, 1960 granted the applicants a special exception under the ordinance pursuant to secs. 3.4.3, 14.2.6 and 12.3 thereof.

Under sec. 14.2.6 the board is expressly authorized to issue permits as indicated in sec. 3.4.3, the pertinent portion of which reads as follows:

> "In any district in which dwellings are permitted, a dwelling may be erected on a non-conforming lot or on two or more adjacent non-conforming lots in the same ownership. Where such lot or lots contain less than 5,000 square feet, it shall be necessary for the owner thereof to receive from the Zoning Board of Review a special exception for the erection of a dwelling thereon and the Zoning Board of Review shall designate the maximum size of the dwelling to be placed thereon and its location on said lot or lots."

Under sec. 5.6.4 the minimum depth of a front yard for dwellings in a residence A-7 district is 25 feet. Section 12, entitled "Yard Exceptions," provides for exceptions in certain cases. Section 12.3, entitled "Required Front Yards in Developed Blocks," reads as follows:

> "In a block in which 25 percent or more of the frontage within 200 feet of a lot and on the same side of the street is developed with structures, the required front yard for a structure hereafter erected on that lot shall extend to the average alignment of such existing structures instead of as provided in the preceding sections of this Ordinance; except that no residence shall have a front yard of less than five feet in depth or need have a front yard of greater depth than 40 feet in an A-40 District, 30 feet in an A-15 District, or 25 feet in an A-10 or A-7 District."

Under point one petitioners contend that the words "shall extend to" as used in sec. 12.3 are mandatory; that the board made no finding as to what the average alignment of the existing structures in question was; that the applicant Joseph DiCenzo and his engineer testified that the applicants' structure did not extend to such average alignment; that it did not therefore meet the requirements of sec. 12.3; and that consequently the decision of the board is illegal and void.

After careful consideration it is our opinion that the board did not err in granting the application under sec. 12.3. There is testimony in the record indicating that the existing structures have less than a 13-foot setback; that they are located closer to the street than the applicants' dwelling; and that the applicants' house appears in harmony with the existing structures. While it is true that the board did not expressly state what the average alignment of the existing structures was, it seems to us that it correctly interpreted the words "average alignment" to mean a reasonably harmonious alignment with existing structures within the

limits expressly set forth in sec. 12.3. In the circumstances such a finding is implicit in the board's decision.

Under point two petitioners contend that the application filed on August 19, 1960 should not have been considered by the board because the applicants did not come before the board with "clean hands." In our opinion there is no merit in this contention. Nor is there any merit in petitioners' contention under point three that the instant application is substantially the same as that filed in June 1959 and that consequently the board had no jurisdiction to consider the same. The two applications are substantially different. The first application requested a setback of 10 feet. The instant application requests a setback of 13 feet 6 inches. Moreover the applicants are seeking relief under different sections of the ordinance. In our opinion the board had jurisdiction in the circumstances.

We come now to petitioners' contentions under point four of their brief. In the posture in which the case is before us, it is not necessary to discuss their claims with respect to hardship. We are dealing with a special exception in which hardship is not an issue. Nor is it necessary in the instant proceeding that the record show that the exception in question was reasonably necessary for the convenience and welfare of the public. The sections of the ordinance under which the board acted require no such showing.

It is well settled that this court will not set aside a decision of a zoning board unless it shows a clear abuse of discretion. *Jacques* v. *Zoning Board of Review,* 64 R. I. 284, 289. The board's decision granting the special exception under secs. 3.4.3 and 12.3 is supported by the evidence. See *Phelan* v. *Zoning Board of Review, supra,* at page 804. In the circumstances we cannot say that the action of the board was either arbitrary or unreasonable.

The petition for certiorari is denied and dismissed, the decision of the respondent board is affirmed, and the records

certified to this court are ordered sent back to the respondent board.

*Philip W. Noel,* for petitioners.

*James R. Morriss,* City Solicitor, *James P. Quirk,* Assistant City Solicitor, for City of Warwick.

*John Quattrocchi, Jr.,* for applicants Joseph DiCenzo et ux.