Van Vooehis, J. (dissenting).
Petitioner-appellant erected a house set back 67.5 feet from the east edge of Mt. Read Boulevard in the Town of Greece, County of Monroe. This was in accordance with the 60-foot minimum setback requirement of the zoning ordinance, unless a larger minimum setback is compelled by a clause in the ordinance providing that the setback line shall be not less than the average setback of all other buildings on the same side of a street within 300 feet on either side of the proposed building site. When this building permit was applied for in 1961, four houses had been built within 300 feet which *85 were set back 82 feet from the east edge of Mt. Read Boulevard. For that reason a building permit was refused by the Town Building Inspector and Board of Appeals. This article 78 proceeding was instituted to annul these determinations and to compel the issuance of a permit for the erection of this house at a distance of 67.5 feet from the street.
The following time sequences are important. The applicable zoning ordinance, as appellant contends, was adopted in 1945. No buildings had then been erected within 300 feet of the present building site. During 13 years after the adoption of that ordinance the area remained vacant land. Not until 1958 were the buildings constructed which had been held to impose an 82-foot minimum setback line in the area in question. Those houses were built on lots set forth on a map described as section 1 of the subdivision. The subject parcel is known as lot 5 as shown on section 2 of the subdivision, according to a map approved by the Planning Board of the town which was filed in the County Clerk’s office in 1960. A new zoning ordinance was adopted in 1961 containing the same language regarding setbacks which was in the zoning ordinance of 1945. In express terms the new ordinance rendered the 1945 ordinance applicable to lots in subdivisions for which maps had been previously filed, in these words: “ Any lot or plot of land for which a map has been officially filed prior to the enactment of this ordinance may be used and built upon in accordance with the restrictions and limitations as prescribed in the Zoning Ordinance for the Town of Greece adopted November 20, 1945, which is by this ordinance repealed and supplanted.”
Under this language no greater minimum setback distance than in the 1945 ordinance is to be imposed by the 1961 ordinance in the case of lots designated upon subdivision maps filed prior to its enactment. The result is that if the 60-foot minimum setback requirement of the 1945 zoning ordinance was applicable to the lot of petitioner-appellant when the map on which it appears was filed in the County Clerk’s office in 1960, nothing contained in the 1961 ordinance would establish the setback line at 82 feet or at any greater distance than 60 feet from the street line.
This brings us to the question whether the construction of houses on the neighboring lots in 1958 imposed an 82-foot set *86 back line on petitioner-appellant’s lot. Since the 1945 zoning ordinance governs which is continued in force in case of this property in lieu of the 1961 ordinance, the 60-foot setback prescribed by the 1945 ordinance controls and the extra requirement prescribing a greater minimum setback than 60 feet is invalid as applied to this situation. The Appellate Division recognized that “ If the ordinance were construed as allowing the first builders in the future, in an undeveloped area, to establish a setback line which would thereafter be binding upon others building within 300 feet of the first buildings, it would be subject to very grave constitutional doubts ”. That these doubts are well founded readily appears from Eubank v. Richmond (226 U. S. 137) which holds it to be an invalid delegation of legislative power to private individuals to assume to authorize two thirds of the property owners in a block to establish building lines without the approval of any public authority. An ordinance of the City of Richmond, Virginia, was held to be unconstitutional on this ground for the reason that it left no discretion to the public officials whose action “ is determined by two-thirds of the property owners. In other words, part of the property owners fronting on the block determine the extent of use that Other owners shall make of their lots, and against the restriction they are impotent ” (p. 143). The opinion of the United States Supreme Court continues (pp. 143-144): ‘ ‘ The statute and ordinance, while conferring the power on some property holders to virtually control and dispose of the proper rights of others, creates no standard by which the power thus given is to be exercised; in other words, the property holders who desire and have the authority to establish the line may do so solely for their own interest or even capriciously. Taste (for even so arbitrary a thing as taste may control) or judgment may vary in localities, indeed in the same locality. There may be one taste or judgment of comfort or convenience on one side of a street and a different one on the other. There may be diversity in other blocks; and viewing them in succession, their building lines may be contiguous or staggering (to adopt a word of the mechanical arts), as the interests of certain of the property owners may prompt against the interests of others. The only discretion, we have seen, which exists in the Street Committee or in the Committee *87 of Public Safety, is in the location of the line, between five and thirty feet. It is hard to understand how public comfort or convenience, much less public health, can be promoted by a line which may be so variously disposed.”
Eubank v. Richmond (supra) was thus characterized by the Supreme Court in the later case of Gorieb v. Fox (274 U. S. 603, 610): ‘1 The ordinance there considered required the committee on streets to fix a building line upon the request of the owners of two-thirds of the property abutting on any street. The ordinance was held bad by this court (p. 143) because it left no discretion in the committee ” (italics from original).
In deciding Gorieb v. Fox (supra) the Supreme Court manifestly did not consider that it was overruling Eubank v. Richmond (supra). The opinion shows that not only was the complaining property owner held not to have been a party aggrieved, since he had been excepted from the operation of the ordinance, but also that the building line was established by reference to houses existing at the time of adoption of the ordinance.
It thus appears that when the zoning ordinance of the Town of Greece was adopted in 1945, section 10 thereof purported to empower private property owners within 300 feet on each side to establish a setback line imparting to it the force of law. When the neighboring houses were constructed in 1958, 13 years after the ordinance was passed, the legal effect as a delegation of legislative power was not different from the situation presented in the Eubank case. It was as though the neighboring property owners had filed an instrument, as in the Eubank case, prescribing as private individuals the building line for the block. There is no constitutional difference in whether their action is manifested by filing a paper in a public office or by the actual construction of buildings which, under this town ordinance, would have precisely the same effect.
Other cases in which delegation of legislative authority to private individuals was held to be unconstitutional are Washington ex rel. Seattle Tit. Trust Co. v. Roberge (278 U. S. 116) and Matter of Concordia Collegiate Inst. v. Miller (301 N. Y. 189).
The consequence might be otherwise if these buildings had been erected prior to the adoption of this zoning ordinance in *88 1945. In that event the town board in enacting the ordinance might be deemed to have acted with reference to structures in existence when it was passed, so that, for present purposes, it might be as though the ordinance had stated that in this area the minimum setback was to be 82 feet (1 Yokley Zoning Law and Practice [2d ed.], § 164, p. 406; Phelan v. Zoning Bd. of Review of City of Warwick, 170 A. 2d 289 [R. I.]; Flinn v. Treadwell, 120 Col. 117; see, also, State ex rel. McKusick v. Houghton, 171 Minn. 231).
If the subdivision map on which the subject lot is designated had been filed after the adoption of the 1961 ordinance, the result might have been as the Appellate Division held. What appears to have been overlooked is that the 1961 ordinance excepted from its setback requirements lots shown on subdivision maps which had been officially filed prior to its enactment, as to which the provisions .of the former ordinance were continued in force and effect.
Even if by the terms of the 1961 ordinance the subject property were not controlled by the 60-foot setback of the ordinance of 1945, section 265-a of the Town Law would require that plaintiff’s house be allowed to remain where it is. This statute, effective April 30,1960, states that the provisions of the zoning ordinances thereafter adopted, which increase setback requirements in excess of those applicable to building lots under the provisions of the zoning ordinance in force and effect at the time of the filing of a subdivision plat approved by the town planning commission (as this subdivision plat was), shall not be applicable to or in any way affect any of the lots shown and delineated on such subdivision plat for a period of three years. The building permit for this house has been filed, the house has been constructed and this article 78 proceeding instituted well within that period of time. Consequently section 265-a of the Town Law, even irrespective of section 26 of the 1961 zoning ordinance* requires granting the relief applied for.
Nobody questions the power of municipalities to prescribe setback lines in zoning ordinances nor their presumption of validity (Town of Islip v. Summers Coal & Lbr. Co., 257 N. Y. 167) but that has nothing to do with this situation for the reasons mentioned.
*89 The order of the Appellate Division should be reversed and appellant’s petition for an order compelling the Building" Inspector to issue it a building permit in accordance with its application should be granted.
Judges Dye and Burke concur with Chief Judge Desmond ; Judge Fuld concurs in result; Judge Van Voorhis dissents in an opinion in which Judges Froessel and Foster concur.
Order affirmed.